933 So.2d 1039 (2006)
George R. SCHWARTZ, M.D., Appellant
v.
Wayne HYNUM, Appellee.
No. 2004-CA-02530-COA.
Court of Appeals of Mississippi.
July 18, 2006.
*1040 Gary Dale Thrash, Jackson, attorney for appellant.
Wayne Hynum, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Wayne Hynum, an attorney residing in and practicing in Hattiesburg, contacted *1041 Dr. George Schwartz of Santa Fe, New Mexico, to hire Dr. Schwartz as an expert witness for litigation pending in Texas. Dr. Schwartz and Hynum conversed via telephone and via mail several times before Hynum traveled to confer with Dr. Schwartz in New Mexico. At the end of his services, Dr. Schwartz submitted a bill to Hynum in the amount of $14,628.49. This fee was in addition to funds already paid by Hynum to Dr. Schwartz. Hynum refused to tender payment, and Dr. Schwartz filed suit in New Mexico.
¶ 2. Hynum filed a special appearance pro se in New Mexico contesting jurisdiction, and a hearing on the matter was scheduled for August 26, 1998. Hynum failed to appear, either in person or via counsel. The trial court found that Hynum had conducted business in New Mexico by contracting with Dr. Schwartz; by seeking, obtaining and discussing Dr. Schwartz's professional medical opinion; and by hiring Dr. Schwartz to testify in the case in Texas. Finding that Hynum had sufficient minimum contacts with New Mexico for the court to exercise personal jurisdiction, the court denied the special appearance. Dr. Schwartz then secured a default judgment against Hynum. Hynum did not appeal either the order denying the special appearance, or the default judgment.
¶ 3. In March 1999, Dr. Schwartz enrolled the New Mexico judgment with the Forrest County Circuit Court Clerk. On April 28, Hynum filed a response to the enrollment, arguing that the judgment was not entitled to full faith and credit as New Mexico lacked personal jurisdiction over him because he did not have sufficient minimum contacts with New Mexico to justify the exercise of jurisdiction. Hynum also argued that the judgment was the result of Dr. Schwartz's false representations regarding the services tendered by Dr. Schwartz, as well as the terms of his service.
¶ 4. In December 2002, after a hearing on the matter, the Forrest County Circuit Court entered a judgment striking the judgment from the judgment rolls of Forrest County. The court found that Dr. Schwartz failed to present evidence in support of his claim at the hearing and denied the judgment full faith and credit.
¶ 5. It is from this judgment that Dr. Schwartz appeals, arguing two assignments of error: (1) that the trial court erred in denying the judgment full faith and credit and (2) that the trial court erred in permitting re-litigation of the jurisdictional issue.
¶ 6. Finding error, we reverse and remand.

STANDARD OF REVIEW
¶ 7. "Our review of jurisdictional issues is essentially de novo: `In making this determination, this Court is in the same position as the trial court, since all facts are set out in the pleadings or exhibits, and the chancellor may be reversed if he erred whether the error was manifest or not.'" McDaniel v. Ritter, 556 So.2d 303, 308 (Miss.1989) (quoting MISS CAL 204, Ltd. v. Upchurch, 465 So.2d 326, 330 (Miss.1985)).

I. DID THE TRIAL COURT ERR IN REFUSING TO AFFORD FULL FAITH AND CREDIT TO THE JUDGMENT FROM NEW MEXICO?
¶ 8. The enrollment of foreign judgments is governed by statute in Mississippi. See Miss.Code Ann. Section 11-7-301 through 309 (Rev.2004). In determining whether a foreign judgment should be enrolled, a court must first resolve whether the attempt to enroll involved only foreign *1042 judgments. See § 11-7-301; see also Davis v. Davis, 558 So.2d 814, 817 (Miss. 1990). As the only judgment was rendered in New Mexico, we answer this question in the affirmative. The court must next determine whether the judgments are entitled to full faith and credit. Id.
¶ 9. Pursuant to the United States Constitution, Art. IV, Sec. 1, Mississippi must give full faith and credit to all final judgments of other states and federal courts unless (1) "the foreign judgment itself was obtained as a result of some false representation without which the judgment would not have been rendered," Reeves Royalty Co., Ltd. v. ANB Pump Truck Serv., 513 So.2d 595, 598 (Miss. 1987), or (2) "the rendering court did not have jurisdiction over the parties in the subject matter." Sollitt v. Robertson, 544 So.2d 1378, 1381 (Miss.1989). To challenge a foreign judgment on either of these two grounds, the challenge must be timely made.
¶ 10. Dr. Schwartz enrolled the judgment on March 3, 1999, and the clerk mailed notice of the enrollment on that date. Hynum then had twenty days to contest the enrollment of the judgment. See Davis, 558 So.2d at 819; Miss.Code Ann. § 11-7-305(3) (providing that no execution shall issue for twenty days after the enrollment of a foreign judgment). Hynum's response was filed on April 28, 1999, outside the twenty-day limit. Thus, we find that Hynum's defenses to the enrollment which alleged false representations by Dr. Schwartz were not properly before the trial court.

II. DID THE TRIAL COURT ERR IN PERMITTING RE-LITIGATION OF THE JURISDICTIONAL ISSUE?
¶ 11. Dr. Schwartz argues that res judicata applies, thus the Forrest County Circuit Court erred in allowing Hynum to re-litigate the validity of New Mexico's jurisdiction.
¶ 12. The principle of res judicata operates to avoid multiplicity of litigation. Little v. V & G Welding Supply, Inc., 704 So.2d 1336, 1337(¶ 8) (Miss.1997). "Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action." Estate of Anderson v. Deposit Guar. Nat. Bank, 674 So.2d 1254, 1256 (Miss.1996).
¶ 13. "The principles of res judicata apply to questions of jurisdiction as well as to other issues whether the questions relate to jurisdiction of the subject matter or jurisdiction of the parties." Dep't of Human Servs. v. Shelnut, 772 So.2d 1041, 1045(¶ 13) (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). In determining whether a judgment constitutes res judicata regarding the rendering court's personal jurisdiction over the respondent, it matters not that the respondent appeared specially, reserving submission to the court's jurisdiction. Global Oceanic Enter., Inc. v. Hynum, 857 So.2d 659, 662(¶ 11) (Miss.2003) (citing Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 524-25, 51 S.Ct. 517, 75 L.Ed. 1244 (1931)). "[The special appearance] would be important upon appeal from the judgment. . . ." Id.
¶ 14. For res judicata to apply to the issue of jurisdiction, a previous challenge on the jurisdictional claim is necessary. Global, 857 So.2d at 662(¶ 12). A defendant has three options when attempting to challenge jurisdiction. A defendant may ignore the summons and complaint, *1043 and, if a default judgment is entered against him he may collaterally attack the judgment during the proceedings to enforce the judgment. Shelnut, 772 So.2d at 1045-46(¶ 14). A defendant may also voluntarily submit to the jurisdiction of the foreign court, waiving the court's lack of jurisdiction. Id. Finally, a defendant may submit himself to the jurisdiction of the court for the limited purpose of challenging jurisdiction. Id. By submitting to a court's jurisdiction for the limited purpose of contesting that court's jurisdiction, "the defendant agrees to abide by that court's determination on the issue of personal jurisdiction: [t]hat decision will be res judicata on that issue in any further proceedings." Ins. Corp. of Ireland, 456 U.S. at 706, 102 S.Ct. 2099.
¶ 15. In entering a special appearance in New Mexico for the purpose of contesting jurisdiction, Hynum agreed to abide by New Mexico's ruling on the jurisdictional issue. Such an appearance preserved the right to contest jurisdiction on direct appeal, but not the right to attack the matter in a collateral proceeding. See Shelnut, 772 So.2d at 1047(¶ 18). Hynum could have appealed the decision of the foreign court, but he chose to do nothing. Accordingly, Hynum is bound by the foreign court's finding of personal jurisdiction.
¶ 16. Hynum also urges that he was denied due process of law because he never received notice of the hearing on his motion for a special appearance. Hynum cites, discusses and misconstrues numerous cases from the United States Supreme Court, as well as several cases from the Mississippi Supreme Court, none of which are on point. The record contains a "Request for Hearing" submitted by Dr. Schwartz's attorney in New Mexico, as well as a "Notice of Hearing" issued by the secretary of the assigned foreign judge. Both indicate that they were served upon the attorneys of record or "parties pro se entitled to notice." We are unpersuaded by Hynum's argument.
¶ 17. We find that the trial court erred in denying full faith and credit to the judgment; we further find that the trial court erred in ordering the judgment stricken from the Judgment Roll of Forrest County. The judgment of the Forrest County Circuit Court is hereby reversed and remanded with instruction to re-enroll the judgment on the Judgment Roll of Forrest County.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.