# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00734-COA

**EAGLE GREEN ENERGY, INC.**                                              **APPELLANT**

**v.**

**FORSITE DEVELOPMENT, INC., REVENTURE**                **APPELLEES**
**PARK INVESTMENTS I, LLC, AND CLEAN**
**ENERGY, LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2016 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOLLY W. MATTHEWS III |
| ATTORNEY FOR APPELLEES: | F. DOUGLAS MONTAGUE III |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 08/29/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Eagle Green Energy Inc. (Eagle Green) appeals the May 3, 2016 final order of the Jefferson Davis County Circuit Court. In its order, the circuit court held that a prior judgment issued by a North Carolina court, and later enrolled in the Jefferson Davis County Circuit Court, constituted a valid judgment in Mississippi. The judgment at issue provided that Eagle Green must pay Forsite Development Inc., Reventure Park Investments I, LLC, and Clean Energy LLC (collectively, Forsite) $25,000 in actual damages and an additional $25,000 in punitive damages. Eagle Green now claims that the North Carolina judgment should not be given full faith and credit.

¶2.    Finding no error, we affirm the circuit court's judgment.

**FACTS**

¶3.    Forsite, a North Carolina corporation, initiated this civil action seeking to recover the $25,000 Forsite paid to Eagle Green, a Mississippi corporation. Forsite filed a motion in the General Court of Justice, Superior Court Division, of Mecklenburg County, North Carolina, seeking an entry of default against Eagle Green. The superior-court clerk entered the default on January 16, 2015.

¶4.    On January 21, 2015, Eagle Green filed an answer asserting that the superior court lacked jurisdiction over Eagle Green, since Eagle Green is a Mississippi corporation that only does business in Mississippi. Eagle Green also initiated a cross-claim against Forsite for the amount of $35,000.

¶5.    On January 28, 2015, Forsite  moved for a default judgment and also filed a motion to dismiss and/or strike the answer and cross-claim filed by Eagle Green.

¶6.    On March 26, 2015, the superior court entered an order and final judgment ("North Carolina judgment") granting Forsite's motion to dismiss Eagle Green's answer and counterclaim and also granting Forsite's motion for a default judgment. The superior court also awarded Forsite $25,000 in actual damages and $25,000 in punitive damages.

¶7.    As set forth in the North Carolina judgment, the superior court found that Eagle Green deposited a $25,000 check paid by Forsite to Eagle Green, but then Eagle Green failed to provide the items paid for by Forsite. The North Carolina judgment reflects that on July 15, 2014, and November 21, 2014, Forsite demanded that Eagle Green return the $25,000, but

2

Eagle Green refused. As a result, the superior court found that

> [Eagle Green] wrongfully converted the funds to its own use by:
>
> (a) the unauthorized retention of the funds after [Forsite] made demand for return of the funds;
>
> (b) the unauthorized exercise of a right of ownership over the funds belonging to [Forsite]; and
>
> (c) the unauthorized exclusion of [Forsite] from exercising their right of ownership over the funds[.]

The superior court thus found that Forsite incurred damages in the amount of $25,000.

¶8. The superior court also awarded Forsite an additional $25,000 in punitive damages after determining that Eagle Green's "wrongful acts were done intentionally or willfully or wantonly or with malice, or any combination thereof[.]"

¶9. In its judgment, the superior court acknowledged Eagle Green's assertion that the superior court lacked jurisdiction over Eagle Green, since Eagle Green is a Mississippi corporation only doing business in Mississippi. The superior court explained that Eagle Green cannot object to the jurisdiction of the superior court "and at the same time seek to invoke the jurisdiction of [the] court" by filing a cross-claim against Forsite. The North Carolina judgment also reflects that Forsite "properly obtained" service of process on Eagle Green.

¶10. On June 3, 2015, Forsite enrolled the North Carolina judgment in Jefferson Davis County, Mississippi.

¶11. After Eagle Green failed to make payments toward the satisfaction of the North Carolina judgment, Forsite filed a motion for a judgment debtor examination in the circuit

3

court on July 20, 2015. In response, the circuit court entered an order instructing Eagle Green to produce various specified documents to Forsite. The record contains a proof of summons dated September 28, 2015, reflecting that the process server served the circuit court's order upon a registered agent for Eagle Green.[1]

¶12. On January 20, 2016, the circuit court issued a writ of garnishment upon Eagle Green's account at Hancock Bank to recover the amount set forth in the North Carolina judgment.

¶13. On February 22, 2016, Eagle Green filed an answer, injunctive request, and counterclaim against Forsite and Hancock Bank, claiming that Eagle Green failed to actually possess the $57,603.48 that Hancock Bank garnished from Eagle Green's account. Eagle Green explained that it held the funds at issue in a trust for Louis Ho, a customer of Eagle Green. Eagle Green also asked the circuit court to declare the North Carolina judgment void, since the superior court lacked jurisdiction over Eagle Green.

¶14. On March 10, 2016, Forsite filed a motion for a judgment on the pleadings seeking dismissal of Eagle Green's request for the injunction and counterclaim. Forsite also filed a motion requesting the circuit court to issue an order authorizing and directing Hancock Bank to disburse the funds that it had seized from Eagle Green's account as a result of the writ of garnishment. The circuit court held a hearing on this motion on April 19, 2016.

---

[1] The record reflects that on August 25, 2015, the deputy sheriff filled out a sheriff's return indicating that he was unable to serve copies of the order sustaining Forsite's motion for a judgment debtor examination upon Eagle Green. On September 2, 2015, the circuit court issued a second order, which provided a new and corrected address for Eagle Green's registered agent.

4

¶15. After a hearing, the circuit court entered an order on May 3, 2016, denying Eagle Green's counterclaim, its request to void the North Carolina judgment, and its request for an injunction. The circuit court also ordered Hancock Bank to tender the garnished proceeds of $56,964.14 to the circuit clerk for delivery to Forsite's counsel.

¶16. In its order, the circuit judge addressed Eagle Green's request to void the North Carolina judgment, explaining

> [P]ursuant to Miss[issippi] Code Ann[otated section] 11-7-301, a foreign judgment is a judgment of a court of the United States which is entitled to full faith and credit in this state. Once a foreign judgment has been filed in the office of the clerk of the circuit court of any county in Mississippi, the clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of any county in this state (Miss. Code Ann. § 11-7-303.). Therefore, any jurisdictional issues concerning the validity of the North Carolina judgment must be adjudicated in the Superior Court of Mecklenburg County, North Carolina, where said judgment was rendered.

¶17. The circuit court also provided "that a default judgment is given the same effect as if a verdict was entered for the plaintiff and accordingly can have preclusive effect on other litigation[.]" The circuit court found that Eagle Green failed to file a direct appeal of the default judgment. As a result, the circuit court held that Eagle Green "cannot simply fail to defend a suit and fail to appeal a default judgment, and later file suit and argue that the default judgment was obtained by fraud or abuse of process."

¶18. The circuit court further held that Eagle Green's counterclaim was barred by res judicata and also time-barred. The circuit court cited Mississippi Rule of Civil Procedure 60(b)[2] and found:

---

[2] Rule 60(b) provides, in pertinent part:

5

The North Carolina Judgment at issue was entered in the General Court of Justice, Superior Court Division of Mecklenburg County, North Carolina on March 26, 2015 and enrolled in the judgment records of Jefferson Davis County Circuit Court on June 3, 2015. [Eagle Green's] Motion to Set Aside the Judgment was not filed until February 24, 2016 and is therefore time barred pursuant to . . . Rule 60(b).

¶19. Finally, the circuit court stated that

the court reviewed and received monthly bank statements that the Hancock Bank account was [Eagle Green's] business operating account, from which [Eagle Green] routinely wrote checks for its business debts. There is no indication of any kind on the account that it is a company trust account for the benefit of any third parties.

As a result, the circuit court ordered that Hancock Bank disburse the garnished funds to

Forsite's attorney.

¶20. Eagle Green now appeals the circuit court's order.

**STANDARD OF REVIEW**

¶21. On appeal, we review jurisdictional questions de novo. *Sapukotana v. Sapukotana*,

179 So. 3d 1105, 1111 (¶17) (Miss. 2015). "This Court is in the same position as the trial

---

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) fraud, misrepresentation, or other misconduct of an adverse party; (2) accident or mistake; (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.

6

court, with all facts set out in the pleadings or exhibits." *Head & Engquist Equip. v. Penelore Corp.*, 864 So. 2d 1025, 1028 (¶6) (Miss. Ct. App. 2004).

**DISCUSSION**

¶22.    "Mississippi must give full faith and credit to all final judgments of other states and federal courts unless (1) the foreign judgment itself was obtained as a result of some false representation without which the judgment would not have been rendered, or (2) 'the rendering court did not have jurisdiction over the parties in the subject matter.'" *Schwartz v. Hynum*, 933 So. 2d 1039, 1042 (¶9) (Miss. Ct. App. 2006) (internal citation omitted); *see* U.S. Const. art. IV, § 1.  Additionally, "[i]t is well settled that a judgment rendered by a court of competent jurisdiction in a sister state is entitled to a presumption of validity as to that court's assumption of jurisdiction, and the burden is on the party attacking the judgment to affirmatively show its invalidity." *Galbraith & Dickens Aviation Ins. v. Gulf Coast Aircraft Sales Inc.*, 396 So. 2d 19, 21 (Miss. 1981); *see also Linde Health Care Staffing Inc. v. Claiborne Cty. Hosp.*, 198 So. 3d 318, 324 (¶25) (Miss. 2016).

¶23.    We therefore must examine whether the foreign judgment herein "was obtained as a result of some false representation" or whether "the rendering court did not have jurisdiction over the parties," which would then prevent this Court from giving full faith and credit to the North Carolina judgment. *Schwartz*, 933 So. 2d at 1042 (¶9).  This Court must presume the superior court's exercise of jurisdiction herein to be valid. *Galbraith*, 396 So. 2d at 21. Eagle Green bears the burden of proving that the North Carolina judgment is invalid. *Id*.

¶24.    Eagle Green argues that Forsite's failure to provide proper notice of the default-

7

judgment hearing in North Carolina constitutes a deliberate act of deceit and fraud. Eagle Green submits that since it made an appearance in the matter by filing its "Defenses and Answer," North Carolina law mandates that Forsite must then provide Eagle Green with three days' notice of the default-judgment hearing. N.C. Gen. Stat. § 1A-1, Rule 55(b)(2)(a). As a result, Eagle Green asserts that the North Carolina judgment should be found null and void. Eagle Green also argues that the North Carolina judgment should be found null and void because the superior court failed to make a finding of clear and convincing evidence before awarding Forsite punitive damages.

¶25. We find no error in the circuit court's finding that Eagle Green's arguments regarding lack of notice and punitive damages are barred by res judicata.[3] The circuit court cited to Rule 60(b) and explained that "any action to set aside the captioned judgment on the grounds of fraud or misrepresentation must be undertaken 'not more than six (6) months after the judgment . . . was entered or taken.'"

¶26. The circuit court held that

> The North Carolina Judgment at issue was entered in the [superior court] of Mecklenburg County, North Carolina on March 26, 2015 and enrolled in the judgment records of Jefferson Davis County Circuit Court on June 3. 2015. [Eagle Green's] Motion to Set Aside the Judgment was not filed until February 24, 2016 and is therefore time barred pursuant to . . . Rule 60(b).

¶27. Furthermore, pursuant to Mississippi Code Annotated section 11-7-305(3) (Rev. 2004), Eagle Green possessed twenty days from the date of enrollment of the North Carolina judgment to contest the enrollment. The record contains no motion or appeal by Eagle Green

---

[3] *See Schwartz*, 933 So. 2d at 1042-43 (¶¶12-14).

8

regarding the enrollment of the North Carolina judgment in the circuit court. Since Eagle Green failed to contest the enrollment of the North Carolina judgment within the twenty days allowed by statute, we find that its defenses to the enrollment were not properly before the circuit court. *See Schwartz*, 933 So. 2d at 1042 (¶10).

¶28. Regarding jurisdiction, as stated, the circuit court herein found that Eagle Green's "Defenses and Answer," filed in response to Forsite's motion for entry of default in North Carolina, "sought not only to assert a defense, but also an affirmative claim . . . invoking the jurisdiction of the North Carolina court." However, the circuit court held that "any jurisdictional issues concerning the validity of the North Carolina judgment must be adjudicated in the Superior Court of Mecklenburg County, North Carolina, where said judgment was rendered." Like the circuit court below, we also find res judicata dispositive. *See Glob. Oceanic Enters. Inc. v. Hynum,* 857 So. 2d 659, 663 (¶18) (Miss. 2003); *Schwartz*, 933 So. 2d at 1042-43 (¶¶12-14).

¶29. North Carolina General Statute section 1-277(b) provides that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause." N.C. Gen. Stat. § 1-277(b). The record before us reflects no motion for a new trial or direct appeal of the North Carolina judgment filed by Eagle Green.

¶30. After our review, we find that the circuit court did not err in giving full faith and credit to the North Carolina judgment and ordering that Hancock Bank disburse the garnished

9

funds to Forsite's attorney.  Accordingly, we affirm the circuit court's judgment.

¶31.    **AFFIRMED.**

    **LEE, C.J., IRVING, P.J., ISHEE, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.  BARNES AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**