Leon E. SMITH and Emma
Jean Smith, Plaintiffs

v.

RJH OF FLORIDA, INC. and Kimco
Leasing, Inc., Defendants.

Civil Action No. 3:06CV689TSL–JCS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 19, 2007.

Carroll Edward Rhodes, Law Offices of
Carroll Rhodes, Hazlehurst, MS, for Plaintiffs.

Lester F. Smith, Smith & McArty,
Ridgeland, MS, for Defendants.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, District Judge.

Plaintiffs Leon E. Smith and Emma
Jean Smith filed their complaint in this
cause seeking to recover actual and punitive damages for what they allege is a
"wrongful garnishment" by defendants,
and further seeking a declaratory judgment that the judgment upon which such
petition for garnishment is void. Defendants RJH of Florida, Inc. and Kimco
Leasing, Inc. have moved to dismiss or, in
the alternative, for summary judgment, arguing that plaintiffs' complaint is barred in
its entirety by res judicata and/or collateral estoppel.[1] The court, having considered
the memoranda of authorities, together
with attachments, submitted by the parties, along with additional pertinent authorities, concludes that the cause must be
dismissed.

In the 1980s, Emma Smith, who owned
and operated Janie's Bakery in Brookhaven, Mississippi, entered into an equipment lease agreement with Kimco. According to Kimco, Emma Smith's husband,
Leon, also signed the lease agreement. In
1989, after the Smiths failed to make any
payments under the lease agreement, Kim-

---

1. RJH is the successor to Kimco Leasing, Inc. and does business under the name Kimco

Leasing. The court will refer to defendants collectively as Kimco.

co filed suit against the Smiths in the Circuit Court of Allen County, Indiana for breach of the lease agreement. The Smiths, who were Mississippi residents, appeared in the Indiana action and challenged that court's jurisdiction over them, contending that they had been solicited by Kimco's salesman in Mississippi and that they had no contacts of any sort with Indiana. Upon losing their jurisdiction argument, the Smiths defended the action on the merits, contending among other things that Leon Smith had not signed the lease agreement and that his signature had instead been forged. The Smiths lost the case and a judgment was entered against them on July 6, 1990 in the amount of $8,455.99, including the principal amount of $6,593.55, together with interest and attorney's fees. The Smiths filed an appeal, which they lost.

In 1991, Kimco applied to the Indiana court for a writ of garnishment, which was issued on August 14, 1991. Six years later, in July 1997, Kimco filed a writ of garnishment in the Circuit Court of Lincoln County, Mississippi. The Smiths filed an answer and "counterclaim answer" in which they asserted that (1) because Kimco had failed to timely register and enter the Indiana judgment as required by Mississippi law, the judgment was "null and void and of no effect"; (2) the judgment was obtained by fraud and deceit and unenforceable for that reason; (3) Leon Smith's signature was forged on the lease; and (4) the Indiana court lacked personal jurisdiction over them. In their counterclaim, they sought to recover actual and punitive damages for Kimco's "intentionally, deliberately and maliciously attempting to enforce a foreign judgment outside of the applicable statute of limitations without following the proper process for enforcement of foreign judgments." Kimco moved to strike the Smiths' answer and counterclaim, but prior to a ruling, the parties agreed to withdraw their pleadings and Kimco agreed to withdraw the judgment that had been enrolled in Lincoln County and an order was entered April 12, 1999 reciting that the pleadings filed by both parties would be "withdrawn with prejudice" and that the judgment enrolled on the judgment roll in Lincoln County would be withdrawn.

Subsequently, in 1989, Kimco filed an action in state court in Indiana to renew its 1990 judgment, since Indiana provides a ten-year statute of limitations for renewal of a judgment. *See* Ind.Code § 34–55–1–6. The Smiths were served with process and filed an answer and counterclaim, advancing some of the same arguments they had made originally, namely, that the Indiana court lacked personal jurisdiction to enter the judgment and that Mr. Smith's signature on the lease was a forgery, but also arguing further that the judgment was "void ab initio" due to Kimco's failure to enroll the judgment in Mississippi within three years of its rendition, and that Kimco's efforts to renew the judgment should be rejected on the basis of res judicata and/or accord and satisfaction because the parties had reached a settlement in the Lincoln County action which had resulted in Kimco's having "withdrawn" the original Indiana judgment "with prejudice." Over the Smiths' objections, the Indiana court entered an order in 2000 renewing the judgment.

Kimco enrolled the judgment in Lincoln County in August 2001, and attempted to give notice of such enrollment to the Smiths as required by law; the Smiths, however, had by that time moved from Lincoln County and the notice was returned as their forwarding order had expired. In October 2005, Kimco returned to Indiana to have the judgment renewed a second time. Again the Smiths objected, but again the judgment was renewed, and

on June 20, 2006, Kimco enrolled the judgment in Copiah County, where the Smiths were then residing.

On December 8, 2006, the Smiths filed the present action for wrongful garnishment, negligence/gross negligence, intentional infliction of emotional distress, malicious prosecution and abuse of process, alleging that "[t]he defendant's entry of foreign judgment and writ of garnishment against the plaintiffs are barred by the applicable statute of limitations[,] ... by accord and satisfaction[,] ... by res judicata[,] and ... by collateral estoppel[,] and [that] [t]he defendants' foreign judgment is void ab initio." Plaintiffs further alleged, again, that Leon Smith never signed the lease agreement and that the Indiana court lacked personal jurisdiction over them.

Defendants have moved to dismiss, or alternatively for summary judgment, taking the position that plaintiffs' claims were previously raised and litigated (or could have been) and consequently are barred by res judicata. Plaintiffs offer essentially two arguments in response to the motion. First, they contend that as a result of Kimco's failure to enroll the 1990 judgment within three years of the date of its issuance, as required by Mississippi Code Annotated § 15–1–45, the judgment is void ab initio. Second, they assert that the doctrines of accord and satisfaction and/or res judicata bar any effort by Kimco from enrolling or enforcing its judgment because the parties reached a settlement of the previous garnishment action brought by Kimco in Lincoln County which settlement resulted in Kimco's withdrawing its judgment "with prejudice." [2]

Plaintiffs' argument with respect to Kimco's withdrawal of its judgment "with prejudice" is without merit. A review of the agreed order entered by the Lincoln County Circuit Court recites that the parties' pleadings, i.e., the Smiths' answer to Kimco's writ of garnishment and Kimco's motion to strike, were withdrawn "with prejudice." The judgment itself was merely "withdrawn" without any indication that it was withdrawn "with prejudice."

As for plaintiff's limitations argument, Mississippi Code Annotated § 15–1–45 states:

a foreign jurisdiction, a defendant has three options:

> A defendant may ignore the summons and complaint and, if a default judgment is entered against him he may collaterally attack the judgment during the proceedings to enforce the judgment. A defendant may also voluntarily submit to the jurisdiction of the foreign court, waiving the court's lack of jurisdiction. Finally, a defendant may submit himself to the jurisdiction of the court for the limited purpose of challenging jurisdiction. *By submitting to a court's jurisdiction for the limited purpose of contesting that court's jurisdiction, the defendant agrees to abide by that court's determination on the issue of personal jurisdiction; that decision will be res judicata on that issue in any further proceeding.*

*Schwartz v. Hynum,* 933 So.2d 1039, 1043 (Miss.Ct.App.2006) (citations omitted).

---

**2.** Plaintiffs' response does not address Kimco's argument that plaintiffs' claims are barred by res judicata to the extent the claims are based on plaintiffs' allegation that the original judgment (and any renewals thereof) were improperly entered as Leon Smith never signed the lease agreement and as the Indiana court lacked personal jurisdiction over plaintiffs. The court notes that the basis for that court's assertion of personal jurisdiction over the Smiths was a waiver of jurisdiction provision in the lease agreement. The Smiths have taken the position throughout the litigation between the parties that Leon Smith's signature was forged and that therefore, not only was he not liable on the lease but he did not consent to jurisdiction of the Indiana court. The Indiana court obviously concluded otherwise and plaintiffs are barred from relitigating their jurisdictional challenge. In this regard, the rule is well settled that when sued in

All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after. However, if the person against whom such judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of this state, such action, founded on such judgment or decree, shall be commenced within three years next after the rendition thereof, and not after.

Kimco acknowledges that in accordance with the statute of limitations established by § 15–1–45 for enrollment of foreign judgments against Mississippi residents, the original Indiana judgment, entered in 1990, could not be enrolled/enforced in Mississippi more than three years after it was issued. It maintains, though, that the judgment on which its current garnishment proceeding is based is not the original 1990 judgment, but rather the renewed judgment entered by the Indiana court in 2006, and that consequently, there is no merit to plaintiffs' limitations argument since that judgment was enrolled in Mississippi and the writ of garnishment filed thereon within three years of its rendition.

█ "Res judicata requires four elements: (1) identity of the subject matter, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality or character of a person against whom the claim is made." *Jenkins v. Terry Investments, LLC,* 947 So.2d 972, 977 (Miss.Ct.App.2006) (citing *Norman v. Bucklew,* 684 So.2d 1246, 1253 (Miss. 1996)). "If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit as well as all matters which should have been litigated and decided in the prior suit." *Dunaway v. W.H. Hopper & Assocs.,* 422 So.2d 749, 751 (Miss.1982).

In the court's opinion, even if the issue was whether the 1990 Indiana judgment could be enrolled and enforced in Mississippi notwithstanding that more than three years had passed since its rendition, res judicata would not apply. Granted, that issue was directly raised by the Smiths in the 1997 garnishment proceedings in Lincoln County Circuit Court, but it was never litigated because the parties agreed to withdraw their pleadings in that action. The issue was subsequently raised by the Smiths in the actions to renew judgment brought by Kimco in Indiana state court in 1999 and in 2005. The fact that the Indiana court renewed the judgment over the Smiths' objections demonstrates that the court implicitly rejected their argument that the 1990 judgment was "void ab initio." However, the Indiana court's renewal of the judgment is not inconsistent with plaintiffs' position that the 1990 judgment, if not "void ab initio," is at least unenforceable *in Mississippi* due to the expiration of Mississippi's three-year limitations period. That issue was not before the Indiana court; rather, the issue was whether the judgment should be renewed in Indiana, not whether the judgment could be enrolled and enforced in Mississippi.

The pertinent issue here, though, is not whether Kimco is barred from enrolling and enforcing *the original judgment* in Mississippi, but whether the renewed or revived judgment may be enrolled and enforced in Mississippi. This is not an issue that has or should have been raised in previous litigation between the parties, and therefore, it is not barred by res judicata.

Neither party has cited any authority addressing this issue.[3] There are no Mis-

---

3. The Smiths have cited a Mississippi case    holding that Mississippi's three-year statute of

sissippi cases in which the question is considered, but there are a number of cases from other jurisdictions, many of which recognize the following rule:

> [W]here an action is brought in another state upon a judgment of a sister state which is a revival of an earlier judgment, and under the law of the state rendering the revival judgment it is a new judgment and not merely an extension of the statutory period in which to enforce the original judgment, a judgment of revival, as a new judgment, is entitled to full faith and credit and may not be refused enforcement on the ground that under the law of the forum the original judgment could not have been revived at the time it was revived by the judgment of the sister state. The rule has been· applied both where the judgment of revival was rendered in the state where the original judgment had been rendered (*Union National Bank v. Lamb*, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 [1949], *rehearing denied* 337 U.S. 928, 69 S.Ct. 1492, 93 L.Ed. 1736), and also where the judgment of revival was rendered in a sister state. *Roche v. McDonald*, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928).

*Johnson Bros. Wholesale Liquor Co. v. Clemmons* 233 Kan. 405, 408–409, 661 P.2d 1242, 1245 (Kan.1983). *Cf. G & R Petroleum, Inc. v. Clements*, 127 Idaho 119, 121, 898 P.2d 50, 52 (Idaho 1995) (observing that forum state "is not constitutionally required to recognize and enforce a sister state judgment if enforcement is sought following the expiration of the forum's statute of limitations applicable to judg-

ments," and stating, "It follows that, if a judgment is revived in the rendering sister state, a forum state is free to refuse enforcement of the revived judgment if (1) the revival is merely an extension of the original judgment in the rendering state and (2) enforcement of the original judgment is barred by the forum's statutory period for enforcement.") (citing *Watkins v. Conway*, 385 U.S. 188, 87 S.Ct. 357, 17 L.Ed.2d 286 (1966); *McElmoyle v. Cohen*, 38 U.S. (13 Pet.) 312, 10 L.Ed. 177 (1839)).

Some courts conclude a revived judgment from a sister state is enforceable in the forum without reference to whether it is merely an extension of the original judgment or is itself a new judgment. For example, in *Durham v. Arkansas Dept. of Human Services/Child Support Enforcement Unit*, 322 Ark. 789, 793–94, 912 S.W.2d 412, 414–15 (Ark.1995), the plaintiff recovered a judgment in Illinois in 1975 against the defendant for child support arrearages. That judgment was subsequently revived in 1992 under Illinois law, which provides a twenty-year limitations period for revival of judgments. The revived Illinois judgment was then registered in Arkansas in 1993, which has a ten-year period for the enforcement of all judgments. The Arkansas court was thus confronted with the question whether Arkansas "should give full faith and credit under the U.S. Constitution to a validly revived judgment in Illinois." The court, after acknowledging that "cases in the various states dealing with conflicting statutes of limitation are not of one mind," concluded it could discern no valid reason for not

---

limitation for enrollment of foreign judgments applied rather than Louisiana's longer statute of limitation because the judgment debtors were Mississippi residents, *see Vice v. Department of Human Services*, 702 So.2d 397 (Miss. 1997) (en banc), and another case holding that a writ of garnishment issued more than

three years after a foreign judgment had been rendered against a Mississippi resident was void ab initio, *see National Enterprises, Inc. v. Valsamakis*, 879 So.2d 523 (Miss.Ct.App. 2004). Neither case addresses the question whether the renewed Indiana judgment may be enrolled and enforced in Mississippi.

giving full faith and credit to the revived Illinois judgment. The court wrote:

> One treatise on conflict of laws states the problem as follows:
>
>> Some uncertainty exists whether revival of the original judgment in the state of rendition will serve to overcome the recognizing forum's shorter limitation on the original judgment, assuming that the revived judgment itself is not barred by the limitation. One view distinguishes between revival prolonging the original judgment and revival having the effect of creating a new judgment: the former is said to continue to be barred by the shorter local statute, while the latter is entitled to full faith and credit. However, the implication in the U.S. Supreme Court's decision in *Watkins v. Conway* [385 U.S. 188, 87 S.Ct. 357, 17 L.Ed.2d 286 (1966) (per curiam) ] is that any revival of a judgment is entitled to full faith and credit.
>
> *Scoles and Hay, Conflict of Laws* § 24.32, p. 995 (2d Ed.1992).

912 S.W.2d at 415.

■ Under the law of Indiana, where the 1990 judgment was entered and the subsequent orders were entered renewing the judgment, the law is clear: to secure renewal of a judgment, the holder of the judgment files a separate renewal complaint, which pleads the fact of the existing judgment, alleges liquidated, accrued interest, and seeks entry of a *new judgment* in the amount of the original judgment. *Lewis v. Rex Metal Craft, Inc.,* 831 N.E.2d 812, 823 (Ind.Ct.App.2005) (citing Ind.Code § 34–55–1–6). Thus, the renewal is not merely an extension of the original judgment, but rather the revival judgment is a new judgment. That being the case, under the above-cited authorities, Kimco had three years from the date of renewal to enroll the new judgment in Mississippi, which it did. Plaintiffs, therefore, can have no viable claim for wrongful garnishment, malicious prosecution, abuse of process, negligence, gross negligence or intentional infliction of emotional distress. In short, defendants' motion is well taken and should be granted.[4]

Based on the foregoing, therefore, it is ordered that defendants' motion to dismiss, or alternatively for summary judgment, is granted.

SO ORDERED.

---

**4.** The court notes that defendants have also argued in their rebuttal that plaintiffs cannot succeed on their claims for the additional reason that they failed to interpose any objection to Kimco's enrollment of the judgment in Mississippi within twenty days, as required by Mississippi Code Annotated § 11–7–305, which provides, "(3) No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until twenty (20) days after the date the judgment is filed." *See Davis v. Davis,* 558 So.2d 814, 819 (Miss. 1990) (treating suit by judgment debtor challenging judgment holder's efforts to enroll and execute on foreign judgments as a response to the notice of enrollment of foreign judgments and finding that such suit could not be filed after twenty days from date of filing of such notice). While it appears Kimco is correct, the court notes that plaintiffs have not had the opportunity to address this issue because the argument was first raised in Kimco's rebuttal.