IRVING, P.J.,
for the Court:
¶ 1. In May 2006, Marianne M. Mabie (Mabie), as representative of the Estate of Lefferts L. Mabie Jr., filed a notice of enrollment of a renewed foreign judgment against Roy Shannon in the County Court of Harrison County, Mississippi. Shannon filed a motion for relief from the judgment pursuant to Rule 60(b)(5) of Mississippi Rules of Civil Procedure, alleging that the enrollment was barred by the statute of limitations for enrolling foreign judgments. The county court granted Shannon’s motion, and Mabie appealed to the Harrison County Circuit Court. The circuit court affirmed the county court’s judgment, and Mabie timely filed a notice of appeal.
¶ 2. Because renewing the judgment restarted the statute of limitations, Mabie was not time-barred from enrolling the renewed judgment in Mississippi. Therefore, we reverse and render.
FACTS
¶ 3. The following facts are taken from the pleadings of this case. On October 21, 1994, the Circuit Court of Escambia County, Florida, entered a judgment against Shannon in favor of Lefferts L. Mabie Jr. (Lefferts) for $60,000. Lefferts enrolled this Florida judgment in the judgment rolls of Harrison County, Mississippi, on or about March 24, 2005. Upon learning that the judgment had been enrolled, Shannon objected on the basis that the original Florida judgment was barred by the Mississippi statute of limitations and demanded that the judgment be struck from the Harrison County judgment rolls. Mabie[1] complied and caused an order to be entered, striking the judgment from the Harrison County judgment rolls.
¶ 4. Following the county court’s order striking the judgment, Mabie filed an action in Florida to renew the original Florida judgment against Shannon. On October 19, 2005, the Circuit Court of Escambia County renewed the original judgment, which had over nine years left *417 before the statute of limitations on it would expire in the State of Florida. On May 11, 2006, Mabie filed a notice of enrollment of the renewed foreign judgment in the County Court of Harrison County. On June 2, 2006, Shannon filed a motion for relief from the judgment on the grounds that the enrollment was time-barred and the original judgment had been vacated, or it was no longer equitable that the judgment should have prospective application to Shannon according to Rule 60(b)(5). The county court granted Shannon’s motion, and on April 4, 2007, Mabie appealed to the Circuit Court of Harrison County, which affirmed the county court’s decision.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Mississippi Code Annotated section 15-1-45 (Rev.2003), which governs actions founded on foreign judgments, states that an action brought on a foreign judgment must be brought within seven years after the judgment was rendered. Section 15-1-45 also states that if the person against whom such judgment was rendered was a resident of Mississippi when the action was instituted, then the action on the judgment must commence within three years. Id. In other words, to enroll a judgment from another state, the person seeking to enroll must do so either within three or seven years after the judgment has been rendered, depending on whether the person whom the judgment is against is a resident of Mississippi when the action was instituted.
¶ 7. This Court has enforced the statute of limitations for the enrollment of foreign judgments, stating that a plaintiff who failed to enroll his judgment from another state within either the three or seven years, whichever is applicable, required by statute cannot have his judgment enforced. See Magallanes v. Magallanes, 802 So.2d 174, 176 (¶ 10) (Miss.Ct.App.2001). In his brief, Shannon cites cases decided by the Mississippi Supreme Court and this Court that hold that foreign judgments from other states are unenforceable when the enrollment statute of limitations has expired in Mississippi, even when the statute of limitations for enforcement of judgments in the initial rendering state is longer. See Parker v. Livingston, 817 So.2d 554, 561 (¶ 23) (Miss.2002); Nat’l Enters. v. Valsamakis, 879 So.2d 523, 524 (¶ 7) (Miss.Ct.App.2004). However, these cases do not address whether a foreign judgment that has been renewed in accordance with the laws of the rendering state is barred by Mississippi’s statute of limitations if the statute of limitations has run prior to the renewal of the judgment. In other words, these cases do not address the question of whether a renewed foreign judgment is a new judgment for purposes of Mississippi’s statute of limitations.
¶ 8. The question of whether a renewed or revived judgment may be enrolled and enforced in Mississippi after the statute of limitations for enrollment has expired as to the original judgment has not been directly addressed by Mississippi appellate courts. Smith v. RJH of Fla., Inc., 520 F.Supp.2d 838, 841 (S.D.Miss.2007). The Smith court stated that there are a number of jurisdictions that have held:
Where an [enrollment] action is brought in another state upon a judgment of a sister state which is a revival of an earlier judgment, and under the law of the state rendering the revival judgment it is a new judgment and not merely an extension of the statutory period in which to enforce the original judgment, a judgment of revival, as a new judgment, is entitled to full faith and credit and may not be refused enforcement on the ground that under the law of the *418 forum the original judgment could not have been revived at the time it was revived by the judgment of the sister state.
Id. at 842 (citations omitted).
¶ 9. In Smith, a circuit court in Indiana entered the original judgment in favor of the defendants in 1990. Id. at 889. That same court renewed the original judgment in 2005. Id. In 2006, the defendants enrolled the renewed judgment in Copiah County, Mississippi, where the Smiths, the judgment debtors, resided at the time. Id. at 840. Because the Smiths were residents of Copiah County, the three-year limitations period for enrolling foreign judgments applied. The Smiths argued that the 2006 enrollment was barred by Mississippi’s statute of limitations because more than three years had passed since the original judgment was entered in 1990. Id. The court looked to case law from Indiana, the state that rendered the renewed judgment, to determine whether the renewed judgment was an extension of the original judgment or a new judgment. Id. at 843. In Indiana, a renewal of a judgment is not merely an extension of the original judgment, but rather a new and separate judgment. Id. (citing Lewis v. Rex Metal Craft, Inc., 831 N.E.2d 812, 823 (Ind.Ct.App.2005)). Because the 2005 renewed judgment constituted a new judgment, the enrollment in 2006 was within the three-year limitations period. Id.
¶ 10. Here, the renewed judgment was rendered in Florida. Florida case law distinguishes between an action on the judgment and post-judgment proceedings. “The main purpose of an action on a judgment [a separate cause of action from the original judgment] is to obtain a new [and independent] judgment which [would] facilitate the ultimate goal of securing satisfaction of the original cause of action.” Burshan v. Nat’l Union Fire Ins. Co. of Pittsburgh, 805 So.2d 835, 841 (Fla.Dist.Ct.App.2001) (quoting Adams v. Adams, 691 So.2d 10, 11 (Fla.Dist.Ct.App.1997)). Post-judgment proceedings are regarded as a continuation of the original action. Corzo Trucking Corp. v. West, 61 So.3d 1285, 1289 (Fla.Dist.Ct.App.2011). A renewal of a judgment that was never paid is identified as an action on the judgment. Adams, 691 So.2d at 11.
¶ 11. As the court did in Smith, we look to the state that rendered the renewed judgment, and follow its law on whether a renewed judgment is a new and separate action that is entitled to full faith and credit. Based on Florida’s law on renewed judgments, Mabie’s 2005 renewal of the original 1994 Florida judgment constitutes an action on the judgment, which restarts the statute of limitations. Because Shannon was a Mississippi resident when Mabie instituted the 2005 renewal action, the three-year limitations period prescribed by section 15-1-45 applied. Mabie’s attempt to enroll the Florida judgment in Mississippi in 2006 was well within the limitations period because the statute of limitations started over when the Florida circuit court renewed the judgment in 2005. Accordingly, the circuit court erred in granting Shannon’s motion on the ground that Mabie’s enrollment was time-barred.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Mabie was appointed the representative of Lefferts’s Estate after Leffert's death, the date of which is not specified in the record.