# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01322-COA

**ALBINNIE BRYANT**                                                      **APPELLANT**

**v.**

**KATIE DENT, CHRISTOPHER GRAY, AND**                              **APPELLEES**
**CATHY GRAY**

DATE OF JUDGMENT:              08/22/2017
TRIAL JUDGE:                   HON. SUSAN RHEA SHELDON
COURT FROM WHICH APPEALED:     FORREST COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:       JOSIAH CHARLES BURNS
                               RONALD C. MORTON
ATTORNEYS FOR APPELLEES:       KATIE DENT (PRO SE)
                               CHRISTOPHER GRAY (PRO SE)
                               CATHY GRAY (PRO SE)
NATURE OF THE CASE:            CIVIL - REAL PROPERTY
DISPOSITION:                   AFFIRMED IN PART; REVERSED AND
                               REMANDED IN PART - 09/18/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must determine whether the chancellor erred in dismissing Albinnie

Bryant's complaint against Katie Dent, Christopher Gray, and Cathy Gray. Finding

reversible error regarding the applicable statute of limitations, we affirm in part and reverse

and remand in part.

## PROCEDURAL HISTORY

¶2.     Prior to his death, Mellie Cooley signed and executed a warranty deed transferring his

interest in certain real property located in Hattiesburg, Mississippi, to his sister, Katie Dent.

After Cooley's death, Albinnie Bryant, individually and as administrator of Cooley's estate, filed a complaint in the Forrest County Chancery Court against Dent, Christopher Gray, and Cathy Gray, alleging that the deed was void due to Cooley's lack of capacity, undue influence, and fraud. The chancellor dismissed Bryant's complaint, finding that her claims were barred by the three-year statute of limitations. Bryant now appeals, asserting that the chancellor erred in dismissing her complaint.

## FACTS

¶3. On December 22, 2010, Cooley signed and executed a warranty deed transferring his interest in his home located at 725 Grace Avenue to Dent. Cooley died on January 16, 2011. In April 2011, Bryant was appointed administrator of Cooley's estate. Bryant is Cooley's niece.

¶4. In July 2011, Bryant filed her first complaint against Dent in the Forrest County Chancery Court alleging the deed was void due to Cooley's lack of capacity, undue influence, and fraud. Bryant asked the court to confirm and quiet title of the property in the name of Cooley's estate. Bryant also filed a notice of lis pendens in the local land records noting the pending suit as a cloud upon the title of the property. On May 21, 2012, Dent executed a warranty deed transferring title of the property in question to Christopher and Cathy Gray.

¶5. Due to lack of prosecution, the chancellor dismissed Bryant's first complaint without prejudice on October 19, 2016.

¶6. Bryant refiled her complaint against Dent and included the Grays as defendants

(collectively Dent). Bryant then amended her complaint in February 2, 2017, claiming the deed was also void because Cooley's wife, Overa, did not sign the deed as required by Mississippi Code Annotated section 89-1-29 (Rev. 2011).

¶7. The defendants subsequently filed a motion to dismiss. After a hearing, the chancellor dismissed Bryant's complaint. The chancellor found Bryant did not maintain a possessory interest in the property, so her claims were barred by the three-year statute of limitations that expired on December 21, 2013. The chancellor further found that filing the new complaint did not toll the statute of limitations, and Bryant's allegation of fraud was not made with particularity as required by Mississippi Rule of Civil Procedure 9(b).

## STANDARD OF REVIEW

¶8. When reviewing a trial court's grant or denial of a motion to dismiss, this Court applies a de novo standard of review. *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006). In considering a motion to dismiss, all of the allegations in the plaintiff's complaint must be taken as true, and the motion should be granted only where "it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Id*. Issues concerning the statute of limitations are questions of law, which are reviewed de novo. *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 835 (¶10) (Miss. 2010).

## DISCUSSION

¶9. We first note that Dent failed to file an appellee's brief. When the appellee fails to file a brief,

> this Court has two options. First, we may take the appellee's failure to file a
> brief as a confession of error and reverse. This option is favored when the

3

record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. However, if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may disregard the appellee's error and affirm.

*Jay Foster PLLC v. McNair*, 175 So. 3d 565, 571 (¶15) (Miss. Ct. App. 2015) (quoting *Archie v. City of Canton*, 92 So. 3d 1279, 1282 (¶10) (Miss. Ct. App. 2012)). Here, the record is not complicated, and Bryant's brief makes out an apparent case of error regarding the applicable statute of limitations.

¶10. In this appeal, Bryant argues that the chancellor erred in dismissing her amended complaint. Specifically, Bryant argues that the chancellor erred by: applying the wrong statute of limitations; finding that the allegation of fraud did not meet the requirements of Rule 9(b); and failing to address her argument that the deed was void for failure to include Cooley's wife's signature.

### A.     Statute of Limitations

¶11. Actions to recover land are subject to the ten-year statute of limitations found in Mississippi Code sections 15-1-7 and 15-1-9. In relevant part, section 15-1-7 provides:

> A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same.

Miss. Code Ann. § 15-1-7 (Rev. 2012). Similarly, section 15-1-9 provides:

> A person claiming land in equity may not bring suit to recover the same except

4

within the period during which, by virtue of Section 15-1-7, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such an estate, interest, or right in or to the same as he shall claim therein in equity.

Miss. Code Ann. § 15-1-9 (Rev. 2012). "A suit to remove a cloud on title is considered an action to recover land." *Lott v. Saulters*, 133 So. 3d 794, 799 (¶8) (Miss. 2014).

¶12. We find the chancellor's reliance upon *O'Neal Steel Inc v. Millette*, 797 So. 2d 869 (Miss. 2001), is misplaced. There, O'Neal sought to enforce a judgment lien, not title or possession of the property at issue. *Id.* at 874 (¶15). The supreme court stated that a "judgment lien does not create in O'Neal a possessory interest in the real property," and "absent any possessory interest in the subject property, O'Neal cannot claim that this litigation is an action to recover land." *Id.* at 873 (¶¶12,13).

¶13. Here, Bryant, as administrator for Cooley's estate and individually as a possible heir of Cooley,[1] seeks possession of the real property deeded away by Cooley, allegedly due to undue influence. In a similar situation, the supreme court held that the ten-year statute of limitations applied. *See In re Estate of Reid*, 825 So. 2d 1, 6 (¶¶16-19) (Miss. 2002). There, the decedent's potential heir alleged undue influence in an attempt to set aside the decedent's transfers of real property to her adopted son. *Id.*

¶14. Because the ten-year statute of limitations applies, Bryant's suit is not barred. Thus, we reverse and remand for further proceedings.

**B. Fraud**

---

[1] During the hearing on the motion to dismiss, Dent's attorney stated that Cooley's 2007 will had been filed during probate proceedings. Dent's attorney stated that in this will Cooley left the real property at issue to both Bryant and Dent.

¶15. Bryant argues that the chancellor erred by finding that her allegations of fraud did not meet the requirements of Rule 9(b). Rule 9(b) states the following: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Furthermore, "[t]he circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated." *Howard v. Harper (in re Estate of Harper)*, 947 So. 2d 854, 861 (¶20) (Miss. 2006). In Bryant's amended complaint, she simply stated that Dent "exercised undue influence and/or fraud in the procurement of said warranty deed." Bryant clearly failed to state the circumstances constituting the fraud with particularity; thus, we find no error by the chancellor in finding Bryant did not meet the requirements of Rule 9(b).

### C. Wife's Signature

¶16. Bryant argues that the deed was void because Cooley's wife did not sign the deed as required by section 89-1-29. The chancellor did not address this issue in her judgment. Because we are reversing on the statute-of-limitations issue, this issue can be revisited if pursued on remand.

¶17. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**