# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-01440-SCT

*WILL REALTY, LLC*

*v.*

*MARK ISAACS AND SALLY ISAACS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/16/2019 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | ANDREW R. NORWOOD |
| | JOHN B. HOWELL, III |
| | WILLIAM P. WESSLER |
| | WYNN E. CLARK |
| | NATHAN L. PRESCOTT |
| | PAUL J. DELCAMBRE, JR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANDREW R. NORWOOD |
| | JOHN B. HOWELL, III |
| ATTORNEYS FOR APPELLEES: | WYNN E. CLARK |
| | WILLIAM P. WESSLER |
| | W. GERRY WESSLER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/14/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1. Will Realty, LLC, appeals the Hancock County Circuit Court's grant of a motion for relief from judgment in favor of Mark and Sally Isaacs. Will sought to execute on a foreign judgment and garnish assets belonging to the Isaacses. The resolution of this case is

controlled by a plain reading of Mississippi Code Section 15-1-45 (Rev. 2019) regarding the statute of limitations for judgments from foreign jurisdictions. Accordingly, we affirm the judgment of the Hancock County Circuit Court that the statute of limitations extinguished Will's right.

## FACTS AND PROCEDURAL HISTORY

¶2.     On October 30, 2009, Mainsource Bank, Inc., obtained a judgment against the Isaacses for the sum of $3,911,681.92 and interest in Kentucky. This judgment was assigned to Will on January 6, 2010. In 2019, Will enrolled the October 30, 2009 judgment in the judgment rolls of Hancock County, Mississippi.

¶3.     Will then filed writs of garnishment directed to multiple banks and the employer of Sally Isaacs. After the writs were issued, the Isaacses sought relief under our Rule of Civil Procedure 60(b), claiming the judgment was void. Will responded, arguing that the judgments had been renewed and that the statute of limitations had reset. After receiving argument, the court granted the Isaacses' requested relief. Will appeals.

## STANDARD OF REVIEW

¶4.     This Court reviews dispositions of motions for relief from judgment under an abuse of discretion standard. *Mabus v. St. James Episcopal Church*, 13 So. 3d 260, 265 (Miss. 2009) (citing *Davis v. Nationwide Recovery Serv.*, 797 So. 2d 929, 930 (Miss. 2001)). Appellate courts analyze the trial court's factual findings and applicable law, and if the court's factual findings are not supported by evidence or are manifestly wrong, they will not be affirmed. *Ashmore v. Miss. Auth. on Educ. Television*, 148 So. 3d 977, 981 (Miss. 2014)

2

(citing *Pierce v. Heritage Props., Inc.*, 688 So. 2d 1385, 1388 (Miss. 1997)). Reversal is likewise merited if the trial court relies on an incorrect statement of law. *Id.* (citing *Pierce*, 688 So. 2d at 1388). Because no facts are disputed in this case, our analysis is focused on whether the circuit court abused its discretion in determining questions of law, which we review de novo. *See ABC Mfg. Corp. v. Doyle*, 749 So. 2d 43, 45 (Miss. 1999) (citing *Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 718 (Miss. 1998)).

## ISSUES ON APPEAL

¶5.    The issues we consider, restated, are

    I.    Whether renewal of a judgment in a foreign jurisdiction changes how we apply Mississippi's statutes of limitations.

    II.    Was Will's judgment renewed under Kentucky law?

## ANALYSIS

### I.    Whether renewal of a judgment in a foreign jurisdiction changes how we apply Mississippi's statutes of limitation.

¶6.    Will argues that renewal of a foreign judgment "resets the running of Mississippi limitations period." For this proposition, Will relies on two cases, *Mabie v. Shannon*, 120 So. 3d 415 (Miss. Ct. App. 2012), and *White v. Taylor*, 281 So. 3d 1188 (Miss. Ct. App. 2019). Both of these cases articulate how a renewal of a judgment in a foreign jurisdiction affects the application of Mississippi's seven-year statute of limitations. In this case, there was no renewal in the foreign jurisdiction.

¶7.    We are mindful that the dispute here is not whether Mississippi's statute of limitations or Kentucky's statue of limitations applies. It has long been established that the statute of

limitations of a forum state may be applied by the forum state. ***Sun Oil Co. v. Wortman***, 486 U.S. 717, 722, 108 S. Ct. 2117, 100 L. Ed. 2d 743 (1988). Mississippi applies its statute of limitations to these type of cases. Miss. Code Ann. § 11-7-303 (Rev. 2019).

¶8.     The argument Will offers is that Mississippi's statute of limitations is reset once a judgment is renewed. The ***Mabie*** court considered "[t]he question of whether a renewed or revived judgment may be enrolled and enforced in Mississippi after the statute of limitations for enrollment has expired as to the original judgment . . . ." 120 So. 3d at 418 (citing ***Smith v. RJH of Fla., Inc.***, 520 F. Supp. 2d 838, 841 (S.D. Miss. 2007)). Noting that Florida case law distinguished between a "renewed judgment" and "post-judgment proceedings," the Court of Appeals found that Florida law treats a renewed judgment as a "new and separate action that is entitled to full faith and credit." ***Id.*** Because Florida treated the renewed judgment as separate from the original judgment, the Court of Appeals held that the relevant date from which to calculate the running of our statute of limitations was the date of the renewed judgment, not that of the original judgment. ***Id.*** In ***White***, the Court of Appeals similarly considered a Florida judgment and whether the judgment was a separate, renewed judgment under Florida law or "a post-judgment proceeding." 281 So. 3d at 1190.

¶9.     The plain text of our statute establishing the statute of limitations applicable to actions on foreign judgments reads,

> All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after. However, if the person against whom such judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of this state, such action, founded on such judgment or decree, shall be commenced within three years next after the

4

rendition thereof, and not after.

Miss. Code Ann. § 15-1-45 (Rev. 2019). Section 15-1-45 requires that all actions based upon foreign judgments must be commenced within seven years of the "rendition of such judgment or decree, and not after." *Id.* The Court of Appeals has correctly applied this statute. To the extent that a judgment is separate from a prior judgment under the laws of a foreign jurisdiction such that a new, separate ruling is issued, our statute of limitations would be calculated from the date of entry of that renewed judgment.

## II.    Was Will's judgment renewed under Kentucky law?

¶10.    In its order, the circuit court wrote,

> [t]he 2009 judgment is a foreign judgment. *Miss. Code Ann.* §11-7-301 (Rev. 2004). Under Mississippi law, an action to enforce a foreign judgment '. . .shall be brought within seven years after the rendition of [the] judgment, *and not after*.' *Miss. Code Ann.* §15-1-45 (Rev. 2012); *Miss. Const.*, Art. 4, § 97 (1890).

The circuit court held that because the Kentucky judgment was entered in Hancock County, Mississippi, more than seven years after rendition of the judgment in Kentucky, any actions taken on it Mississippi were void ab initio.

¶11.    Will argues that the enrollment and issuances of the writs in Mississippi renews the Kentucky judgment. Will's argument on this point is strained. Will claims that Kentucky jurisprudence establishes that there is a mechanism for renewal of judgment. Will presents *Wade v. Poma Glass & Speciality Windows, Inc.*, 394 S.W.3d 886 (Ky. 2012), to advance this position.

¶12.    In *Wade*, the Kentucky Supreme Court held that for purposes of computing the statute

of limitations in *Kentucky*, Kentucky courts should look to "the last act enforcing, carrying out, or putting the judgment into effect, including garnishment proceedings and judgment liens." 394 S.W.3d at 887. ***Wade***, while providing guidance to Kentucky courts on the determination of the Kentucky statute of limitations, says nothing regarding renewal or revival of its judgments in foreign states such as Mississippi. Will's argument that its enrolling a foreign judgment in Mississippi after the judgment had expired according to Mississippi's statute of limitations, and then its attempting to execute a writ of garnishment through Mississippi courts, is unavailing.

¶13.    Enrolling a foreign judgment in the state of Mississippi subjects that judgment to the "same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a circuit court of any county in this state . . . subject to the provisions of Section 15-1-45." Miss. Code Ann. § 11-7-303. The seven-year statute of limitations of Section 15-1-45 bars any foreign judgments enrolled outside that time frame. Miss. Code Ann. § 15-1-45. Without renewing the judgment in Kentucky, Will enrolled a judgment ten years after its rendition and three years after the statute of limitations in Mississippi had expired. Thus, the judgment is unenforceable. Miss. Code Ann. § 15-1-3(1) (Rev. 2019) ("The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy."). Relief was appropriately granted by the circuit court under our Rule of Civil Procedure 60(b).

## CONCLUSION

¶14.    Because the statute of limitations has prescribed regarding Will's judgment, the circuit

6

court appropriately granted relief to the Isaacses. Accordingly, we affirm the judgment of the learned trial judge.

¶15.    **AFFIRMED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**