# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-01303-COA

JOHN EDWARD VOGT, II AND EDWARD VOGT

APPELLANTS

v.

ALLEN EUGENE WALKER

APPELLEE

DATE OF JUDGMENT:           12/02/2022
TRIAL JUDGE:                HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:  PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:    JOHN ANDREW HAMMOND
ATTORNEY FOR APPELLEE:      NATHAN S. FARMER
NATURE OF THE CASE:         CIVIL - OTHER
DISPOSITION:                AFFIRMED - 06/25/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     In 2009, Allen Eugene Walker, a Mississippi resident, was sued in Texas by John Edward Vogt II and Edward Vogt. In 2012, the Texas court granted two no-answer default judgments against Walker, who contended he was not served properly. In 2019, Walker filed a complaint in Mississippi requesting declaratory relief from the "void" judgments and equitable relief to prevent the Vogts from collecting said judgments. The Vogts contested the complaint and attempted to collect the 2009 default judgments from the Mississippi court in a separate action. Walker filed a motion for summary judgment alleging the Texas court lacked personal jurisdiction when entering the default judgments against Walker, and the statutory time-bar to enforce the judgment in Mississippi had expired. The Vogts filed a

motion to dismiss or for summary judgment. The court entered summary judgments in Walker's favor and consolidated the civil actions. The Vogts now appeal. Applying de novo review, we affirm.

## FACTUAL BACKGROUND

¶2.     Allen Eugene Walker has been a Mississippi resident since December 2006. On approximately March 12, 2009, John Edward Vogt II and Edward Vogt (the Vogts) each filed civil actions against Allen Eugene Walker in Texas.[1] Process was then "allegedly served upon [Walker] utilizing the Office of the Pearl River County Sheriff's Department" by way of leaving the paperwork "taped on" Walker's door, but "no follow up process was mailed" to the residence "on the same day or the day after as required[.]"[2] Walker contends that he did not receive process by either method. On February 9, 2012, the Texas court entered two no-answer default judgments against Walker.[3] On November 19, 2013, Riecke Baumann was appointed "receiver" over Walker's "non-exempt assets" by order of the Texas

---

[1] Specifically, the actions were brought forth in the Justice of the Peace Court, Precinct 2, of Missouri City, Fort Bend County, Texas. The Vogts also filed suit against one Steve Martin, but he was served properly and is not a party to this appeal.

[2] The alternative method of service was authorized by the judge on October 14, 2009. The judge's order stated that alternative process could be served by leaving a citation on Walker's usual place of abode or employment but also required that a copy of the same citation be mailed to Walker on the day of service or the next day.

[3] On September 19, 2021, the Texas court entered a "judgment of renewal" of the default judgment "unde[]r Mississippi law, including statute Miss. Code Ann. § 15-1-45."

2

court[4] because "the Court believes that non-exempt assets exist, since virtually everyone has a bank account or other non-exempt asset, which [the Vogts] believe [Walker] will try to hide."

¶3.     This case arrived in Mississippi in April 2019 when Walker filed a complaint in the Pearl River County **Chancery Court** against Baumann and the Vogts seeking declaratory relief from the "void" judgments made in Texas and equitable relief to "restrain and enjoin" the Vogts and Baumann "from collecting and/or attempting in any way to collect" the default judgments. On July 3, 2019, the Vogts and Baumann filed an answer to Walker's complaint. On September 11, 2019, Walker filed a motion for summary judgment alleging the Texas court lacked personal jurisdiction due to a failure to properly serve him and that the action was barred by the Mississippi statute of limitations.

¶4.     On May 6, 2020, Baumann and the Vogts filed a motion to dismiss "and/or for summary judgment" or, in the alternative, a "transfer to Pearl River Circuit Court." On February 18, 2021, the Vogts and Baumann filed, for the first time, a "notice of filing of foreign judgment" with the Pearl River County **Circuit Court**.[5] Walker filed a "combined

---

[4]    In situations dealing with judgment creditors, "[t]he court may . . . appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (2019).

[5]    "A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state or any rule promulgated and adopted by the Mississippi Supreme Court may be filed in the office of the clerk of the circuit court of any county in this state." Miss. Code Ann.§ 11-7-303 (Rev. 2019).

response, affirmative defense(s) and objection(s) until enrollment of foreign judgment(s)" on March 4, 2021.  On November 22, 2021, Walker filed a rebuttal to the motion for summary judgment or transfer of the case to the circuit court.  On December 16, 2021, the chancery court denied Walker's motion for summary judgment and Baumann and the Vogts' motion to dismiss or for summary judgment.

¶5.     The chancellor found it "appropriate," however, to have the action transferred to Pearl River County Circuit Court.  The action was transferred accordingly.  On September 27, 2022, Walker filed a motion with the circuit court "re-urging" his motion for summary judgment previously filed in the chancery court.  On November 15, 2022, the circuit court entered summary judgments in Walker's favor in both actions, finding that "the Texas Justice Court lacked personal jurisdiction to render the default judgments against Walker" due to insufficient service of process.[6]  The court also denied the Vogts' registration of a foreign judgment because it needed to be "timely and properly enrolled in Mississippi," and there had been no "attempt to enroll the foreign judgments in the State of Mississippi until February 10, 2021[.]"  On December 16, 2022, the Vogts filed a notice of appeal.  Baumann did not appeal and is not a party here.

## STANDARD OF REVIEW

¶6.     "When reviewing a trial court's grant or denial of a motion to dismiss or a motion for summary judgment, this Court applies a de novo standard of review[.]" *Gibson v. Williams,*

---

[6] The final judgments were entered on December 2, 2022.

*Williams & Montgomery P.A.*, 186 So. 3d 836, 844 (¶14) (Miss. 2016) (citing *Burleson v. Lathem*, 968 So. 2d 930, 932 (¶7) (Miss. 2007)). "[S]ummary judgment should be granted only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* (citing M.R.C.P. 56(c)). We view the evidence "in the light most favorable to the party against whom the motion has been made." *Duckworth v. Warren*, 10 So. 3d 433, 436-37 (¶9) (Miss. 2009) (quoting *One South Inc. v. Hollowell*, 963 So. 2d 1156, 1160 (¶6) (Miss. 2007)). It is "the moving party [who] has the burden of demonstrating that no genuine issue of material fact exists and the non-moving party [who] must be given the benefit of the doubt concerning the existence of a material fact." *Gibson*, 186 So. 3d at 844 (¶14) (citing *One South*, 963 So. 2d at 1160 (¶6)).

¶7.     The crux of this case lies within the statute of limitations issue. "The running of the statute of limitations is an issue appropriate for resolution via summary judgment if there exists no genuine issue of material fact concerning whether the statute has run." *Hawkins v. Jones*, 284 So. 3d 827, 830 (¶8) (Miss. Ct. App. 2019) (quoting *Pollan v. Wartak*, 240 So. 3d 1185, 1190 (¶12) (Miss. 2017)). "Issues concerning the statute of limitations are questions of law, which are reviewed de novo." *Id.* (quoting *Bryant v. Dent*, 270 So. 3d 976, 978 (¶8) (Miss. Ct. App. 2018)).

## DISCUSSION

¶8.     On appeal, the Vogts argue that (1) the Texas court had jurisdiction over Walker, which required Mississippi to give full faith and credit to the judgment, and (2) their actions

were timely because they had three-to-seven years to enforce the judgment in Mississippi. This Court is "bound by the full faith and credit clause of the United States Constitution, art. IV, § 1, to accord full faith and credit to the judicial proceedings of courts of record of every other state." *Lee v. Swain Bldg. Materials Co. of New Orleans Inc.*, 529 So. 2d 188, 190 (Miss. 1988).[7] The Vogts and Walker both make arguments detailing whether the Texas court had jurisdiction over Walker at all due to an issue with service of process. This Court, however, declines to address the personal jurisdiction arguments because the statute-of-limitations issue is dispositive of the case as a whole.

¶9. "A cause of action accrues only when it comes into existence as an enforceable action; that is, when the right to sue becomes vested." *State v. Murphy*, 202 So. 3d 1243, 1255 (¶29) (Miss. 2016) (quoting *Est. of Kidd v. Kidd*, 435 So. 2d 632, 635 (Miss. 1983)). The Vogts' cause of action, enrolling and collecting a default judgment from Walker, came into existence when the default judgments were rendered in Texas on February 9, 2012. "The litigants in any suit have to comply with the appropriate statute of limitations in order to maintain an action." *Magallanes v. Magallanes*, 802 So. 2d 174, 176 (¶9) (Miss. Ct. App. 2001) (citing *Miss. Dep't of Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (¶13) (Miss. 1999)).

---

[7] The full faith and credit clause has only two exceptions: "(1) the foreign judgment itself was obtained as a result of some false representation without which the judgment would not have been rendered . . . or (2) the rendering court did not have jurisdiction over the parties in the subject matter." *Schwartz v. Hynum*, 933 So. 2d 1039, 1042 (¶9) (Miss. Ct. App. 2006) (citing *Reeves Royalty Co. Ltd. v. ANB Pump Truck Serv.*, 513 So. 2d 595, 598 (Miss. 1987); *Sollitt v. Robertson*, 544 So. 2d 1378, 1381 (Miss. 1989)).

¶10. In cases involving foreign judgments, Mississippi law incorporates a statute of limitations as follows:

> All actions founded on any judgment or decree rendered by **any court of record without this state** shall be brought within seven years after the rendition of such judgment or decree, and not after. However, if the person against whom such judgment or decree was or shall be rendered, was, or shall be **at the time of the institution of the action, a resident of this state**, such action, founded on such judgment or decree, shall be **commenced within three years next after the rendition thereof, and not after**.

Miss. Code Ann. § 15-1-45 (Rev. 2019) (emphasis added). Walker has been a Mississippi resident since 2006, before the Texas actions were brought in 2009. Further, the default judgments were entered in Texas in 2012. At that time, Walker was a resident of Mississippi. Finally, the Vogts did not attempt to seek to enroll and collect those judgment from Walker in Mississippi until they filed the petition in the Pearl River County Circuit Court in 2021. At that time, Walker was still a resident of Mississippi. Accordingly, the statute of limitations applicable to this cause pursuant to Mississippi Code section 15-1-45 was three years.

¶11. To bring this case before a Mississippi court, the Vogts were required to file a notice of foreign judgment in accordance with Mississippi Code sections 11-7-303 and 11-7-305 (Rev. 2019). *See Davis v. Davis*, 558 So. 2d 814, 818 (Miss. 1990). "A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state or any rule promulgated and adopted by the Mississippi Supreme Court may be filed in the office of the clerk of the circuit court of any county in this state." Miss. Code Ann. § 11-7-

7

303. Section 11-7-305 provides detailed instructions on how to properly notice such a judgment.

¶12. In *Davis*, the Mississippi Supreme Court applied these statutes when Barbara Davis procured four judgments, each related to child support, against Howard Davis in Texas on December 29, 1982. *Davis*, 558 So. 2d at 815-16. She filed four individual notices of a foreign judgment in Mississippi on December 27, 1985. *Id.* at 817-18. Howard filed suit ten months later contesting Barbara's enrollment of the judgments. *Id.* at 816. Summary judgment was granted in Barbara's favor in each separate judgment and Howard appealed. *Id.*

¶13. The court determined whether the foreign judgments from Texas were entitled to Mississippi's full faith and credit and noted two exceptions: false representation and lack of personal jurisdiction over the party against whom the judgment was rendered. *Id.* at 817. The court explicitly noted, "In order to challenge a foreign judgment on [personal jurisdiction] ground[s] . . . it is necessary that the challenge be **timely and properly filed** in Mississippi." *Id.* (emphasis added). Howard was not a Mississippi resident at the time of the judgments rendered in Texas. *Id.* Accordingly, in compliance with section 15-1-45, Barbara had seven years to file the notices of foreign judgments in Mississippi. *Id.*

¶14. Barbara noticed the foreign judgments in Mississippi well within the seven-year statutory limit, so the court continued to determine whether the notice was proper under section 11-7-305. *Id.* The proper means of filing a foreign judgment in that court's terms

is, briefly, "(1) judgment creditor (Barbara) must file an affidavit and copy of the foreign judgment with the circuit clerk; (2) the circuit clerk promptly mails notice to the judgment debtor (Howard); [and] (3) no action may be taken for twenty (20) days after the foreign judgment is filed." *Id.* Because Barbara properly followed those steps and timely filed the notices, the court found that the Texas judgments were "entitled to full faith and credit in Mississippi." *Id.* at 819.

¶15.    Here, the Vogts were required to follow the same procedure. In *Davis*, Barbara properly and timely filed the foreign judgments in Mississippi, but here the Vogts failed to do so. In fact, the Vogts were not even close to the statutory deadline, instead filing nine years after the Texas default judgments were entered. With both the foreign judgment process and the statute of limitations in mind, the Vogts should have filed the Texas judgment with the Mississippi circuit court on or before February 9, 2015. The notice of a foreign judgment was not brought before a Mississippi court until February 18, 2021. It is unnecessary to discuss whether the Vogts followed the proper procedure set out in section 11-7-305 because the time requirement was not satisfied. So, unlike Barbara, the Vogts are **not** entitled to full faith and credit in Mississippi.

¶16.    The Vogts also contend that the default judgments were technically "renewed" by order of the Texas court in 2019. In support of their position, the Vogts cite *Mabie*, a case in which the renewal of a foreign judgment in said foreign state "restarted the statute of limitations[.]" *Mabie v. Shannon*, 120 So. 3d 415, 416 (¶¶1-2) (Miss. Ct. App. 2012). In

9

1994, Mabie obtained a judgment against Shannon in Florida and attempted to enroll the judgment in Mississippi in 2005. *Id.* at (¶3). Shannon asserted that "the original Florida judgment was barred by the Mississippi statute of limitations[,]" so Mabie "caused an order to be entered, striking the judgment" from the Mississippi court's judgment rolls. *Id.* Following the strike, Mabie properly "filed an action in Florida to renew the original Florida judgment" and enrolled the renewed judgment in Mississippi. *Id.* at 416-17 (¶¶3-4). On appeal, this Court recognized the distinct circumstance of enrolling a **renewed** judgment and "look[ed] to the state that rendered the renewed judgment [to] follow its law on whether a renewed judgment is a new and separate action . . . entitled to full faith and credit." *Id.* at 418 (¶11). Accordingly, the Court determined that under Florida law Mabie's renewed judgment "constitute[d] an action on the judgment" and, thus, restarted the statute of limitations. *Id.*

¶17.    This Court also addressed the renewal of foreign judgments in the more recent case of *White v. Taylor*, 281 So. 3d 1188 (Miss. Ct. App. 2019). White and Taylor's marriage was officially dissolved, and White was ordered to pay Taylor a monetary sum in Florida in 2002. *Id.* at 1189 (¶1). Taylor filed "a supplemental petition for modification and other relief" with the Florida court in 2014, and that court found that White had not complied with the 2002 judgment and was in contempt, in addition to addressing "various matters[.]" *Id.* In 2017, Taylor filed a notice of the 2014 foreign judgment in Mississippi; White filed a motion to set the judgment aside because it was barred by the statute of limitations. *Id.* at (¶¶3-4). In

10

support of her position, White argued that "the fact the judgment had the exact same cause number as the 2002 judgment and only calculated interest proves that it is a continuation and not a renewal or separate judgment." *Id.* at 1190 (¶12). This Court, citing law from the foreign state, agreed and found that the judgment at issue was not new or separate and, thus, did not reset the statute of limitations. *Id.* The supreme court later affirmed the reasoning in both *Mabie* and *White*.[8]

¶18. Although the Vogts cite *Mabie*, we find that their situation is more akin to *White*. Indeed, Texas law states that "a renewed foreign judgment is purportedly entitled to registration in a forum state under the [Uniform Enforcement of Foreign Judgments Act] **only if it constituted a new judgment**, as opposed to extension of the original judgment[.]" *BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 723 (Tex. App. 2008) (emphasis added). The record before us provides no indication that the Texas court's judgment "renewal" is a new or separate judgment. It appears that the Vogts merely renewed the judgment in the original Justice of the Peace cause of action. Because the renewal was not a new or separate judgment, it does not reset the statute of limitations. This argument is without merit.

¶19. Finally, even if this Court were to determine whether the Texas court had personal

---

[8] The supreme court stated in *Will Realty* that this Court "correctly applied" the foreign judgment statute in both *Mabie* and *White*. *Will Realty LLC v. Isaacs*, 296 So. 3d 80, 82 (¶9) (Miss. 2020). Specifically, "[t]o the extent that a judgment is **separate** from a prior judgment under the laws of a foreign jurisdiction such that **a new, separate ruling** is issued, our statute of limitations would be calculated from the date of entry of that renewed judgment." *Id.* (emphasis added).

11

jurisdiction over Walker, the outcome would be the same. "[T]he fact that a barred claim is a just one or has the sanction of a moral obligation does not exempt it from the limitation period." *Magallanes*, 802 So. 2d at 176 (¶9) (citing *Stringer*, 748 So. 2d at 665 (¶13)). Statutes of limitation "apply with full force to **all claims**." *Id.* (emphasis added). The Vogts simply failed to adhere to the Mississippi statute of limitations governing the enrollment of foreign judgments. Accordingly, this Court affirms the judgments of the Pearl River County Circuit Court.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**