CARLSON, Presiding Justice,
for the Court.
¶ 1. Aggrieved by the Monroe County Circuit Court’s grant of summary judgment and entry of final judgment in favor of the State of Alabama and Alabama State Trooper Bart Walker, Jerry Wayne Duckworth appealed to this Court. Finding error in the trial court’s grant of the Alabama defendants’ Renewed Motion for Summary Judgment, we reverse the trial court’s final judgment and remand this case to the Circuit Court of Monroe County for a jury trial consistent with this opinion.
FACTS AND PROCEEDINGS IN THE TRIAL COURT
¶ 2. On February 12, 2002, Alabama State Trooper Bart Walker was preparing to check licenses in Lamar County, Alabama, when he noticed a Toyota Célica with a broken windshield and containing passengers who were not wearing safety belts. Trooper Walker began following the vehicle, which was later determined to be owned and driven by David Carrol Warren. Warren attempted to elude Trooper Walker, and Walker radioed his Hamilton, Alabama, Trooper Station dispatcher to advise of his pursuit. Trooper Walker continued his pursuit of the sus *435 pect from Aberdeen Road in Lamar County, Alabama, into Monroe County, Mississippi, on Vernon Road. Prior to entering the State of Mississippi, Trooper Walker radioed his Hamilton, Alabama, post, which in turn notified the Lamar County, Alabama, Sheriffs Department and the Monroe County, Mississippi, Sheriffs Department of Walker’s pursuit of Warren.[1]
¶ 3. After temporarily losing sight of the Toyota Célica while on Vernon Road, in Mississippi, and while still pursuing Warren, Trooper Walker came upon an accident scene. Walker quickly realized that the Toyota Célica he had been pursuing had collided with a vehicle driven by a person later identified as Jerry Wayne Duckworth, whose vehicle was knocked off the road by the impact. Duckworth was trapped inside his vehicle, and he had suffered injuries from the collision, including broken bones, dislocations, and lacerations. Upon being freed from his vehicle, Duck-worth was loaded into an Emergystat, Inc., ambulance, which subsequently had an accident while transporting Duckworth.
¶ 4. The pursuit was captured on a video recorder located in Trooper Walker’s police cruiser. This video revealed that the entire pursuit of Warren from Lamar County, Alabama, until his collision with Duckworth in Monroe County, Mississippi, lasted approximately six and one-half minutes, with good visibility. The average speed of the pursuit was sixty miles per hour, and it covered nearly six and one-half miles. The speed limit in the area was forty-five miles per hour. Trooper Walker came upon the collision site seconds after the accident had occurred, but he did not witness the collision,'because it took place at a curvy, hilly section of Vernon Road, which is a two-lane county road in a rural area. Trooper Walker said he proceeded at all times using both sirens and blue lights; he did not encounter any pedestrian traffic; and he passed nine oncoming vehicles during the roughly six-mile stretch. During the pursuit, Trooper Walker obtained the vehicle’s tag number, but he did not know the identity of the driver.
¶ 5. Jerry Wayne Duckworth filed this action against the State of Alabama, Trooper Bart Walker, David Carrol Warren, Emergystat, Inc., and Ray Stockman (the ambulance driver), alleging that their negligence and/or wantonness and/or recklessness caused his injuries and damages.[2] Duckworth made no effort to file suit under the Mississippi Tort Claims Act (Mississippi Code Sections 11-46-1 to 11-46-19). In fact, in his complaint, Duckworth alleged that “[tjhis is a tort action brought under the laws of the State of Mississippi and under the common law of the State of Mississippi.”
¶ 6. On June 16, 2006, a hearing was held in the Circuit Court of Monroe County, Judge Sharion R. Aycock presiding, on the motion for summary judgment filed by *436 the State of Alabama and Alabama State Trooper Bart Walker (“Alabama defendants”); Judge Aycock denied the motion on October 30, 2006. The Alabama defendants filed a motion for reconsideration of then* motion for summary judgment on June 15, 2007, based on the United States Supreme Court’s April 30, 2007, decision in Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The trial coui't heard the renewed motion on July 2, 2007, and on July 5, 2007, entered its opinion and order granting the Alabama defendants’ motion for summary judgment.
¶ 7. After the entry of its opinion and order granting summary judgment in favor of the Alabama defendants, but prior to the entry of a final judgment, Duck-worth settled his claims against the remaining defendants, Ray Stockman and Emergystat, Inc.[3] Thus, when the trial court subsequently entered a final judgment consistent with the previously entered opinion and order, the trial court stated, inter alia, in its final judgment:
[T]he Court was advised that [Duck-worth] had reached a settlement of his claims against the remaining Defendants, Emergystat, Inc. and Ray Stock-man.
[[Image here]]
[F]inal judgment is entered in favor of Defendants Bart Walker and the State of Alabama on all claims asserted against them in this suit.
[[Image here]]
[I]n light of the settlement between [Duckworth] and the remaining Defendants, the claims of [Duckworth] against Emergystat, Inc. and Ray Stockman are dismissed with prejudice.
¶ 8. Duckworth perfected this appeal, asserting three issues: (1) whether the trial court erred in granting the Alabama defendants’ motion for reconsideration of their original summary judgment motion; (2) whether the trial court erred in granting summary judgment when there were genuine issues of material fact supported by the record; and (3) whether the trial court erred in granting summary judgment when the trial court previously had denied the motion and no new evidence was presented in the record. All three assignments of error obviously pertain to the trial court’s grant of summary judgment; therefore, we combine the above-stated issues and restate the issue for the sake of clarity in discussion.
DISCUSSION
WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE ALABAMA DEFENDANTS.
¶ 9. In reviewing a trial court’s grant or denial of summary judgment, the well-established standard of review is de novo. One South, Inc. v. Hollowell, 963 So.2d 1156, 1160 (Miss.2007) (citing Hubbard v. Wansley, 954 So.2d 951, 956 (Miss.2007)). Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Miss. R. Civ. P. 56(c). See also Johnson v. City of Cleveland, 846 So.2d 1031, 1034-35 (Miss.2003). “The evidence must be viewed in the light most favorable to the party against whom the motion has been *437 made.” One South, 963 So.2d at 1160; Green v. Allendale Planting Co., 954 So.2d 1032, 1037 (Miss.2007) (quoting Price v. Purdue Pharma Co., 920 So.2d 479, 483 (Miss.2006)). “The moving party has the burden of demonstrating that [no] genuine issue of material fact[s] exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact.” One South, 963 So.2d at 1160 (quoting Howard v. City of Biloxi, 943 So.2d 751, 754 (Miss.Ct.App.2006)). Further, “[s]ummary judgment is inappropriate where there are undisputed facts which are susceptible to more than one interpretation.” Johnson, 846 So.2d at 1036 (quoting Canizaro v. Mobile Comms. Corp. of Am., 655 So.2d 25, 28 (Miss.1995)).
¶ 10. The trial court found that, considering the totality of the circumstances, no genuine issues of material fact existed that Trooper Walker had acted in reckless disregard for the rights of Duckworth or other motorists on Aberdeen and Vernon Roads. However, Duckworth argues that genuine issues of material fact existed on such matters as: (1) whether the pursuit was too lengthy based on the road conditions, the seriousness of the offenses for which Warren was being pursued, and alternative means of apprehension; and (2) whether the pursuit violated the State of Alabama’s pursuit policy.
¶ 11. This Court has set forth ten factors which must be considered when determining whether a police pursuit was accomplished in “reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.” Miss.Code Ann. § 11 — 46—9(l)(c) (Rev.2002); see Johnson, 846 So.2d at 1037 (McRae, P.J., concurring in result only). The trial court analyzed the facts according to these factors; however, a negligence theory is appropriate in the case sub judi-ce, since Alabama State Trooper Bart Walker has no immunity under the Mississippi Tort Claims Act. See Miss.Code Ann. §§ 11-46-1 (f), 11-46-7 (Rev.2002). See also City of Cherokee, Alabama v. Parsons, 944 So.2d 886, 890 (Miss.2006). For purposes of the Mississippi Tort Claims Act, an employee is defined as follows:
“Employee” means any officer, employee or servant of the State of Mississippi or a political subdivision of the state, including elected or appointed officials and persons acting on behalf of the state or a political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation. The term “employee” shall not mean a person or other legal entity while acting in the capacity of an independent contractor under contract to the state or a political subdivision; provided, however, that for purposes of the limits of liability provided for in Section 11-46-15, the term “employee” shall include physicians under contract to provide health services with the State Board of Health, the State Board of Mental Health or any county or municipal jail facility while rendering services under such contract. The term “employee” shall also include any physician, dentist or other health care practitioner employed by the University of Mississippi Medical Center (UMMC) and its departmental practice plans who is a faculty member and provides health care services only for patients at UMMC or its affiliated practice sites. The term “employee” shall also include any physician, dentist or other health care practitioner employed by any university under the control of the Board of Trustees of State Institutions of Higher Learning who practices only on the campus of any university under the control of the Board of Trustees of State Institutions of Higher Learning. The term *438 “employee” shall also include any physician, dentist or other health care practitioner employed by the State Veterans Affairs Board and who provides health care services for patients for the State Veterans Affairs Board. The term “employee” shall also include Mississippi Department of Human Services licensed foster parents for the limited purposes of coverage under the Tort Claims Act as provided in Section 11-46-8.
Miss.Code Ann. § 11 — 46—1(f) (Rev.2002). Therefore, the Mississippi Tort Claims Act does not apply, and summary judgment is appropriate only if no genuine issues of material fact exist as to whether the police pursuit was accomplished in a negligent manner.
¶ 12. The Alabama defendants relied on a United States Supreme Court case to support them motion for reconsideration of their motion for summary judgment, namely, Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). In Scott, the Court reversed a decision of the Eleventh Circuit Court of Appeals based on the record of a high-speed police chase recorded by a video camera positioned in a police cruiser. Scott, 550 U.S. at 380-81, 127 S.Ct. 1769. The Court held:
When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.
That was the case here with regard to the factual issue whether respondent was driving in such fashion as to endanger human life. Respondent’s version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.
Id. Scott thus informs our courts that where the record contains a videotape of disputed facts capturing the events in question, the courts should view the story as depicted by the videotape, when one party’s version is blatantly contradicted, for the purpose of ruling on a summary judgment motion. Id.
¶ 13. In all fairness to the trial judge, we note that in the diligent performance of her duties, which included the preparation of a detailed, eight-page opinion and order thoroughly analyzing the issues, Judge Ay-cock likewise viewed the videotape in this case prior to ruling on the summary judgment motion before her. In viewing the videotape of the pursuit, Judge Aycock was able to visualize the events as they occurred.
¶ 14. Likewise, this Court, on appeal, has the benefit of the videotape depicting the pursuit in this case. In applying the relevant law to today’s case, and in viewing the pursuit video, we are unable to conclude that no genuine issues of material fact exist regarding whether Trooper Walker pursued the suspect in a negligent manner. The pursuit covered approximately six and one-half miles in approximately six and one-half minutes through a rural area, making the average speed of the pursuit sixty miles per hour in a forty-five-mile-per-hour zone. Duckworth argues that the pursuit was too long and should have been terminated earlier. His expert, Dennis Waller, also maintained that “termination of the pursuit would have terminated the reckless behavior by the driver of the Toyota.” Vernon Road, where the accident occurred, is a two-lane county road, with curves and hills. The road condition deteriorates, with a more narrow road bed when nearing the acci *439 dent site. Although Trooper Walker asserts that he slowed his vehicle and created a greater following distance in this area, Duckworth and his expert argue that “a car traveling at speeds of 60 mph and greater on that stretch of Vernon Road in Mississippi would pose an inherently dangerous situation to any oncoming traffic.” As evidenced by the video, during the six-mile stretch, Trooper Walker passed nine oncoming vehicles. When considering these facts, reasonable minds could differ on the issue of whether Trooper Walker’s actions were negligent.
¶ 15. The length of the pursuit is susceptible to more than one interpretation. Although the parties agree on its length, they dispute whether six and one-half minutes was too long under the circumstances and other conditions surrounding the pursuit. The road conditions create another triable issue of fact. Duckworth contends that the curves on Vernon Road are “exacerbated by various hills, narrowness of the road, poor condition of the pavement, and trees and growth very near the road.” When combining the road conditions with the other factors at issue, reasonable minds could conclude that Trooper Walker should have ceased pursuit when road conditions deteriorated.
¶ 16. The record reveals numerous triable issues of fact which must be submitted to the jury. Even some of the undisputed facts before this Court are susceptible to more than one interpretation, and therefore the trial court erred in granting summary judgment. See Johnson, 846 So.2d at 1036 (quoting Ca-nizaro, 655 So.2d at 28). In the end, Duckworth asserts classic claims for negligence in which a plaintiff has the burden of proving (1) a duty, (2) a breach of that duty, (3) causal connection between the breach of the duty and the purported injury, and (4) damages resulting therefrom. Laurel Yamaha, Inc. v. Freeman, 956 So.2d 897, 904 (Miss.2007) (citing Meena v. Wilburn, 603 So.2d 866, 869-70, n. 5 (Miss.1992)). See also Burnham v. Tabb, 508 So.2d 1072, 1074 (Miss.1987).
CONCLUSION
¶ 17. For the reasons stated, we reverse the trial court’s grant of summary judgment and entry of a final judgment against Jerry Wayne Duckworth, and in favor of Bart Walker, Individually and as Agent, Servant, Employee, and State Trooper of the State of Alabama; and the State of Alabama, and we remand this ease to the Circuit Court of Monroe County for a jury trial on all plaintiffs causes of action.
¶ 18. REVERSED AND REMANDED.
WALLER, C.J., GRAVES, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. The Slate of Alabama pursuit policy maintains that "[n]ormally, pursuits into another state should be avoided. However, if circumstances warrant continuing pursuit into another state, a supervisor and the affected Division Chief must be notified, as well as the primary law enforcement agency of the other state.”

. The original style of the case, which was filed in the Circuit Court of Monroe County, was "Jerry Wayne Duckworth, Plaintiff v. David Carrol Warren; Bart Walker, Individually and as Agent, Servant, Employee and State Trooper of the State of Alabama; The State of Alabama; Ray Stockman, Individually and as Agent, Servant and Employee of Emergystat, Inc.; Emergystat, Inc., A Corporation; and Unknown Defendants 1-5, Defendants.” The appropriateness of this appeal based on the disposition of this case as to the remaining defendants in the trial court will be discussed in more detail, infra.

. Although the original complaint named as defendants "Unknown Defendants 1-5,” pursuant to Mississippi Rule of Civil Procedure 9(h), thus providing for subsequent amendment(s) upon learning the true name(s) of the unknown defendants), the record does not indicate that any additional parties were added to this lawsuit.