JAMES, J.,
DISSENTING:
¶22. The majority opinion states that the circuit court granted summary judgment because of its finding that Rausch failed to prove that the actions of Michael’s Nightclub (Michael’s) proximately 'caused Rausch’s injuries. Because I find that Rausch presented genuine' issues of material fact, I respectfully dissent.
¶23. Rausch filed suit against Barlow Woods Inc. and Michael Shuler as owners of Michael’s in the Circuit Court of Harrison County, Mississippi. The complaint alleged that Michael’s negligently served Mark alcoholic beverages while he was visibly intoxicated, which violated Mississippi Code Annotated section 67-3-73 (Rev. 2012). Rausch also alleged that Michael’s failed to follow its own alcoholic-beverage policy of ceasing to serve visibly intoxicated patrons. Since Michael’s served visibly intoxicated patrons, allowed them to drive,-and failed to furnish transportation for them, there were genuine issues of *803 material fact that warranted a trial on the merits.
¶ 24. At thé hearing on the motion for summary judgment, Rausch testified that Mark consumed numerous alcoholic beverages before arriving at Michael’s, and also that he was visibly intoxicated while being served additional alcoholic beverages at Michael’s. To support her contentions, Rausch relied on Officer Branning’s deposition testimony, which established that Mark’s blood-alcohol level was well over the legal limit. Rausch bolstered her claim with Dr. Norris’s accident-reconstruction report. Dr. Norris’s report asserts that Mark’s blood-alcohol, level established the likelihood that Mark was visibly intoxicated prior to arriving at Michael’s. Rausch presented factual issues to be resolved by a jury.
¶ 25. Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories and, admissions ,on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c); see also Duckworth v. Warren, 10 So.3d 433, 436 (¶9) (Miss. 2009) (emphasis added). “The moving party has the burden of demonstrating that [no] genuine issue of material fact exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact.” Id. at 437 (¶9).
¶26. Since the moving party did not demonstrate that no genuine issue of material fact existed, I would reverse and remand this case for trial.
IRVING, P.J., AND CARLTON, J., JOIN THIS OPINION.