# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CA-01491-SCT

*MARIO HOLLAND*

*v.*

*MURPHY OIL USA, INC., ADEN, LLC d/b/a
BLACK'S FOOD MARKET, RAMAN AMAN, LLC,
MISS U HOLDINGS, JOHN LEE, LEE JOHNSON
AND EDWARD WEST d/b/a WEST RESTAURANT
AND LOUNGE*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2018 |
| TRIAL JUDGE: | HON. JOSEPH ANTHONY SCLAFANI |
| TRIAL COURT ATTORNEYS: | TERRIS CATON HARRIS |
| | DAVID C. DUNBAR |
| | EDWARD WEST (PRO SE) |
| | ERIC REYNOLDS PRICE |
| | CHRISTOPHER GERRARD DUNNELLS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TERRIS CATON HARRIS |
| ATTORNEYS FOR APPELLEES: | DAVID C. DUNBAR |
| | ERIC REYNOLDS PRICE |
| | CHRISTOPHER GERRARD DUNNELLS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/20/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     In this negligence case, the trial court granted summary judgment in favor of defendant Murphy Oil, finding that, as a landowner that owned land near the scene of an assault, it did not owe any legal duty to the injured party, Mario Holland. Holland appeals,

arguing that this Court should adopt Section 54 of the Restatement (Third) of Torts, which provides for instances when landowners may owe a duty to persons or property located off the landowner's property. We need not address the Restatement because it is inapplicable to the facts of this case. Further, we affirm the trial court's grant of summary judgment because the landowner did not owe any legal duty to Holland.

## FACTS AND PROCEDURAL HISTORY

¶2. On November 14, 2016, Mario Holland parked his vehicle at Black's Food Market and walked to West Lounge. Upon returning to his vehicle after patronizing West Lounge, Holland was shot and robbed in the Black's Food parking lot. He alleges that the assailant came from a vacant lot across the street from Black's Food. Murphy Oil owns the vacant lot. Holland suffered serious injuries from the assault.

¶3. Holland sued various entities associated with West Lounge and Black's Food and also Murphy Oil as the owner of the vacant lot from which the assailant allegedly originated. Murphy Oil filed a motion for summary judgment, arguing that it owed no legal duty to Holland. Holland responded, arguing that Section 54 of the Restatement (Third) of Torts provides that landowners owe certain duties to persons off their premises. He also filed a request for time to conduct discovery under Mississippi Rule of Civil Procedure 56(f). The trial court granted Murphy Oil's motion for summary judgment, finding that Murphy Oil did not owe any legal duty to Holland. The trial court found that Murphy Oil did not control the assailant and noted that this Court has not adopted Section 54 of the Restatement (Third) of

Torts; it then found Section 54 inconsistent with Mississippi law. Holland appeals to this Court, arguing that Section 54 should be adopted and applied to this case and that the trial court erred by failing to grant his request for discovery.

## ANALYSIS

¶4.     This Court reviews the trial court's grant of summary judgment de novo. ***Crosthwait v. Southern Health Corp. of Houston, Inc.***, 94 So. 3d 1070, 1073 (Miss. 2012). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]" Miss. R. Civ. P. 56(c). This Court reviews the evidence in the light most favorable to the opposing party. ***Duckworth v. Warren***, 10 So. 3d 433, 436-37 (Miss. 2009).

¶5.     Holland urges this Court to adopt Section 54 of the Restatement (Third) of Torts. However, Section 54 is not applicable to the facts of this case, and it is thus inappropriate for this Court to address adopting it; we consequently decline to address the trial court's finding that Section 54 is inconsistent with Mississippi law. Section 54 provides in pertinent part that

> (a) The possessor of land has a duty of reasonable care for artificial conditions or conduct on the land that poses a risk of physical harm to persons or property not on the land.

> (b) For natural conditions on land that pose a risk of physical harm to persons or property not on the land, the possessor of the land

>> (1) has a duty of reasonable care if the land is commercial; otherwise

3

> (2) has a duty of reasonable care only if the possessor knows of the risk
> or if the risk is obvious.

Restatement (Third) of Torts § 54 (Am. Law Inst. 2012), Westlaw (database updated Oct. 2019). Section 54(a) applies to conduct by the possessor of the land, such as mining coal, that may cause injury to persons or property off the land. Restatement (Third) of Torts § 54 cmt. b (Am. Law Inst. 2012), Westlaw (database updated Oct. 2019). Section 54(a) applies to artificial conditions such as a "deteriorated awning" that "overhang[s] a public walkway" and may therefore have reach outside the property. *Id.* Section 54(b) applies to natural conditions such as a dead tree that may fall and land partially off the property. Restatement (Third) of Torts § 54 cmt. c (Am. Law Inst. 2012), Westlaw (database updated Oct. 2019). The duty of reasonable care is an affirmative duty, in that "the land possessor has not acted in any way to create the risks posed by natural conditions." *Id.* None of these situations apply to a third party who left a property and assaulted someone off that property. Section 54 is therefore inapplicable.[1]

¶6.     Turning to Murphy Oil's duty to Holland, the central issue is whether Murphy Oil had a duty to protect Holland from the third-party assailant who caused Holland's injuries. The duty to control the conduct of others is a narrow one. ***Doe v. Hunter Oaks Apartments, L.P.***,

---

[1]Holland appears to argue that the "overgrown" natural condition of the property provides a place for criminals to "lay in wait." But as far as any duty regarding natural conditions, the landowner would only have the duty not to create the risks posed by those natural conditions. Having bushes that people may be able to hide behind does not rise to the level of creating the risk—if we were to so hold, anyone with a bush or a tree on their property may be liable for the actions of a third party hiding behind it.

105 So. 3d 422, 426 (Miss. Ct. App. 2013). Generally, no such duty exists absent a special relationship between the actor and the third party that imposes a duty for the actor to control the third party or absent a special relationship between the actor and the injured party that gives the injured party a right to protection. *Id.* (quoting Restatement (Second) of Torts § 315 (Am. Law Inst. 1965)).

¶7. No special relationship of control existed between Murphy Oil and the assailant. The duty of control only exists for those who "take charge" of a third party. *Hunter Oaks*, 105 So. 3d at 426. To take charge of a third party, the actor must have the ability to control that person's conduct. *Id.* Murphy Oil did not in any manner take charge of the assailant.

¶8. No special relationship spawning a right to protection existed between Murphy Oil and Holland. The Court of Appeals has noted that, generally, four special relationships may give a right to protection. *Id.* Those relationships are: "(1) a common carrier and its passengers, (2) an innkeeper and his guests, (3) a landowner and his invitees, (4) a custodian . . . and a person who is deprived 'of his normal opportunities for protection . . . .'" *Id.* (quoting Restatement (Second) of Torts § 314A (Am. Law Inst. 1965)). None of those relationships exist between Murphy Oil and Holland.

¶9. Consequently, no legal duty from Murphy Oil to Holland exists.[2] Duty is essential to a negligence claim. *Strantz v. Pinion*, 652 So. 2d 738, 742 (Miss. 1995). The trial court did

---

[2]Nothing in Holland's request for time to conduct discovery would change this; the trial court therefore did not err by failing to grant the request.

not err by finding that Holland failed to demonstrate a duty owed by Murphy Oil.

## CONCLUSION

¶10.    Because no legal duty exists on the part of Murphy Oil under the facts of this case,

this Court affirms the trial court's grant of Murphy Oil's motion for summary judgment.

¶11.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**