# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-IA-01284-SCT

*YAZOO CITY, MISSISSIPPI*

*v.*

*KENNETH HAMPTON AND VICTOR YOUNG*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/05/2022 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS-BLACKMON |
| TRIAL COURT ATTORNEYS: | THOMAS RAY JULIAN |
| | STEVEN JAMES GRIFFIN |
| | RONALD EARL STUTZMAN, JR. |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS RAY JULIAN |
| ATTORNEY FOR APPELLEES: | RONALD EARL STUTZMAN, JR. |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 05/30/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     A fire that burned Kenneth Hampton's and Victor Young's properties in Yazoo City, Mississippi, presents this Court with two questions in this interlocutory appeal. First, is Yazoo City immune from liability under the Mississippi Tort Claims Act (MTCA) for property damage caused by its fire department's failure to effectively fight the fire? Second, if the city is immune, does that immunity extend to personal injury claims arising from injuries suffered *after* the fire due to alleged stress caused by the property damage?

¶2.     The Yazoo County Circuit Court ruled that neither question was answerable without additional discovery and therefore denied Yazoo City's motion for summary judgment.

Upon review, however, we find that Yazoo City is immune from both property damage and personal injury liability under these facts. We therefore reverse the circuit court's denial of the motion for summary judgment and render judgment in favor of Yazoo City.

## FACTS

¶3. On November 18, 2020, a fire broke out at Young's property in Yazoo City. The Yazoo City Fire Department responded, but extinguishing the fire proved difficult for two reasons: (1) a lack of tank water in the fire department's truck and (2) an inability to connect to a nearby fire hydrant.

¶4. The fire spread, eventually reaching Hampton's property. Only after the fire department enlisted a nearby retired fireman to help connect to the hydrant was the fire extinguished. And by that time, Young's property had become a total loss. Hampton's property had also been significantly damaged by both fire and smoke.

¶5. The record reveals that neither Young nor any person other than fire department personnel was on Young's property during the fire. Hampton was present at his property, but he was not trapped in the fire or subjected to any fire department action. He instead looked on and eventually "pour[ed] water on his vehicles . . . trying to preserve [them] from getting engulfed in flames . . . ."

¶6. Despite his preservation efforts, Hampton was not injured in the fire. Three days[1] after the fire was extinguished, however, he "suffered a cardiac event and subsequent stroke"

---

[1] In the original complaint, Hampton claimed he suffered his injuries three days after the fire. On appeal, however, he claims that the onset of his symptoms actually came one day after the fire and that the three day figure was based on the time of the University of Mississippi Medical Center's diagnosis.

2

but survived following treatment at the University of Mississippi Medical Center.

¶7.    On February 3, 2022, Hampton and Young brought suit against Yazoo City. They alleged the city (1) acted negligently and demonstrated reckless disregard by failing to provide the requisite knowledge and equipment to fight fires, (2) failed to properly train and supervise its firefighters, and (3) failed to adequately maintain its fire hydrant system. Further, they sought a judgment against Yazoo City "for their property damage, lost rents, medical expenses, mental and emotional distress, and lost wages."

¶8.    Yazoo City filed its answer and defenses on March 30, 2022. In doing so, it invoked the MTCA as a defense to any liability claimed in Hampton and Young's complaint. The next day, Yazoo City filed a motion to (1) stay or limit discovery and (2) preserve its defenses and immunities if it participated in discovery. In the motion, the city requested that discovery be limited to matters relevant to determining immunity, and it emphasized the importance of quickly resolving the immunity issue prior to proceeding with litigation.

¶9.    Before the circuit judge ruled on the motion, however, Yazoo City filed a motion for summary judgment on September 23, 2022. The city argued that because Hampton and Young did not allege the city "acted with reckless disregard for the safety and well-being of any person," it was entitled to immunity under Mississippi Code Section 11-46-9(1)(c).

¶10.    Hampton and Young responded to the motion for summary judgment on September 30, 2022. They attached the affidavit of their counsel, Ronald E. Stutzman, Jr., for the purpose of requesting additional time to conduct discovery under Mississippi Rule of Civil Procedure 56(f). As to what additional discovery would yield, the affidavit contained only

3

the following: "[Hampton and Young] cannot defend against Yazoo City's Motion for Summary Judgment without the benefit of discovery."

¶11.    Yazoo City then filed a rebuttal in support of its motion for summary judgment on October 7, 2022. It (1) reiterated the arguments set forth in its motion for summary judgment and (2) alleged Hampton and Young failed to meet the requirements under Rule 56(f) to qualify for additional discovery.

¶12.    A hearing on Yazoo City's motion for summary judgment was held on November 29, 2022, in which both parties presented their arguments. At the conclusion of the hearing, the circuit court determined that there remained "issues of material facts . . . ." And on November 29, 2022, the circuit court entered an order (1) denying Yazoo City's motion for summary judgment and (2) allowing the parties to conduct discovery "without Yazoo City waiving any immunities under the [MTCA]." In response, Yazoo City filed a petition for interlocutory appeal on the two immunity questions, which this Court granted on March 10, 2023.

**STANDARD OF REVIEW**

¶13.    "The Court reviews a trial court's grant or denial of summary judgment *de novo*." ***Collins v. City of Newton***, 240 So. 3d 1211, 1216 (Miss. 2018) (citing ***Crosthwait v. S. Health Corp. of Houston, Inc.***, 94 So. 3d 1070, 1073 (Miss. 2012)). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact[.]'" ***Id.*** (alteration in original) (quoting M.R.C.P. 56(c)). "The evidence must be viewed

4

in the light most favorable to the opposing party." *Id.* (citing ***Duckworth v. Warren***, 10 So. 3d 433, 436-37 (Miss. 2009)).

## DISCUSSION

### 1.     Immunity from Property Damage Liability

¶14.    On appeal, Yazoo City claims that "[b]ecause [it] is immune from liability for allegedly acting in reckless disregard of [Hampton's and Young's] property, there can be no genuine issue of material fact on that issue, and [its] Motion for Summary Judgment should have been granted." Regarding immunity, Mississippi Code Section 11-46-9(1)(c) provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> . . . .
>
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]

Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2019).

¶15.    This Court considered the statute in a similar context to the present one in ***Collins***, 240 So. 3d at 1222-23.  There, the home of Donald and Mary Collins "was struck by lightning, caught fire, and burned." *Id.* at 1215.  Following various failures while fighting the fire, primarily on the part of an interim fire department chief, the fire resulted in a total loss of the couple's home. *Id.* "The Collinses argue[d] that a genuine issue of material fact exist[ed] that the defendants had [r]eckless disregard for the failure to protect the property . . . ." *Id.* at 1222 (third alteration in original) (internal quotation marks omitted).  In their argument,

5

"[t]hey focus[ed] solely on criticizing how the . . . fire was fought and the resulting property damage." *Id.* The city, however, "claim[ed] immunity for the acts surrounding the fire at . . . [the] residence, claiming that the Collinses failed to show reckless disregard." *Id.*

¶16. Considering Section 11-46-9(1)(c), the *Collins* Court ultimately held that "[t]he plain language of the statute requires that an employee must act with 'reckless disregard of the safety *and* well-being of any person.'" *Id.* at 1223 (quoting Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2012)). Further, "[t]he statute's plain language simply does not contemplate liability for actions that may relate merely to alleged reckless disregard of property. Because Donald and Mary do not allege that the actions fighting the fire endangered the safety and well-being of any person, their claim is subject to immunity." *Id.*

¶17. Returning to the present case, Hampton and Young's claim mirrors the Collinses' claim and is thus subject to the same immunity. Hampton and Young seek to hold Yazoo City liable for the damage to their property, but, like the Collinses, they do not assert that the fire department's actions were in "reckless disregard of the safety and well-being of any person." Miss. Code Ann. § 11-46-9(1)(c). They instead "focus solely on criticizing how the . . . fire was fought and the resulting property damage." *Collins*, 240 So. 3d at 1222. Yazoo City is therefore immune under Section 11-46-9(1)(c) since Hampton and Young's property damage claim (1) arises directly from an "act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to . . . fire protection" and (2) does not fall into the exception for when "the employee acted in reckless disregard of the safety and well-being of any person . . . ." § 11-46-9(1)(c).

6

### 2. Immunity from Personal Injury Liability

¶18. In addition to Hampton and Young's property damage claim, Hampton also asserts a personal injury claim. He argues on appeal that, "but for the shortcomings of the Yazoo City Fire Department's firefighting efforts, the fire would not have impacted [his] property which led to the stress triggering his cardiac episode."

¶19. To reiterate, the exception in Mississippi Code Section 11-46-9(1)(c) provides: "unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]" § 11-46-9(1)(c).

¶20. Hampton's claim clearly does not fall within this exception. The problem with his claim lies in his linking of the property damage to his personal injury. Hampton does not argue that the fire department acted "in reckless disregard of [*his*] safety and well-being" or any other person's when it was fighting the fire. *Id*. (emphasis added). Rather, he argues that the fire department acted in reckless disregard of his *property* and is therefore liable for stress-related injuries he suffered three days after the fire was extinguished. Ineffectively fighting a fire and damaging a man's property, however, does not amount to "reckless disregard of the safety and well-being of any *person* . . . ." *Id*. (emphasis added). We therefore find that Section 11-46-9(1)(c) immunizes Yazoo City from Hampton's personal injury claim.

### 3. Additional Discovery

¶21. Because Yazoo City is immune from both property damage and personal injury liability under Section 11-46-9(1)(c), the circuit court's grant of Hampton and Young's

request for additional discovery is moot. We accordingly do not address it.

## CONCLUSION

¶22. Yazoo City is immune as a matter of law from both property damage and personal injury liability under Section 11-46-9(1)(c). Since no genuine issue of material fact exists, the circuit court improperly denied Yazoo City's motion for summary judgment. We thus reverse the circuit court's judgment and render a judgment in favor of Yazoo City.

¶23. **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**